## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| KB TOYS, INC., *et al.*, | : | Case No. 04-10120 (JBR) |
| | : | |
| Debtors. | : | Bk. Adv. Proc. 04-53134 (JBR) |
| | : | |
| BIG LOTS STORES, INC., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 04-1310 (KAJ) |
| | : | |
| KB ACQUISITION CORPORATION, | : | |
| *et al.*, | : | |
| | : | |
| Appellees. | : | |

### OPENING BRIEF OF APPELLANT BIG LOTS STORES, INC.

**BLANK ROME LLP**
Michael D. DeBaecke (Del Bar No. 3186)
Jason W. Staib (Del. Bar No. 3779)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464

- and -

**VORYS, SATER, SEYMOUR AND PEASE LLP**
Robert J. Sidman
William D. Kloss, Jr.
52 East Gay Street
Columbus, OH 43215
Telephone:    (614) 464-6400
Facsimile:    (614) 719-4962

*Counsel for Appellant*
*Big Lots Stores, Inc.*

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................ 1

BASIS OF APPELLATE JURISDICTION ................................................... 4

ISSUE PRESENTED ........................................................................................ 5

STANDARD OF APPELLATE REVIEW .................................................... 6

STATEMENT OF THE CASE/PROCEDURAL HISTORY ...................... 7

STATEMENT OF UNDISPUTED FACTS ................................................ 11

ARGUMENT ................................................................................................... 12

I.     THE BANKRUPTCY COURT FAILED TO ADHERE TO THE
       APPLICABLE LEGAL STANDARDS IN RULING ON THE
       MOTION TO DISMISS ........................................................................ 12

II.    THE BANKRUPTCY COURT ERRED IN CONCLUDING THAT
       THERE ARE NO FACTS OR REASONABLE INFERENCES
       SUPPORTING BIG LOTS' OWNERSHIP OF THE TAX
       REFUNDS .............................................................................................. 14

       A.    Section 8.03(d) Of The Agreement Buttresses A Finding That
             The Tax Refunds Were Not Part Of The Sale. ............................ 15

       B.    Other Provisions Of The Agreement And Related Documents
             Provide Additional Evidence That The Tax Refunds Were
             Not Sold to KBAC. ...................................................................... 16

III.   THE BANKRUPTCY COURT SHOULD HAVE DENIED THE
       MOTION TO DISMISS OR, AT A MINIMUM, AFFORDED BIG
       LOTS AN OPPORTUNITY TO AMEND THE COMPLAINT. ............ 19

CONCLUSION ............................................................................................... 21

120156.01600/40153925v7

## TABLE OF AUTHORITIES

### CASES

*Blaw Knox Ret. Income Plan v. White Consol. Indus., Inc.*,
   998 F.2d 1185 (3d Cir. 1993)................................................................ 6, 13

*Conley v. Gibson*, 355 U.S. 41 (1957) .................................................... 6, 13, 19

*Mfrs. Hanover Trust Co. v. Kearney Chems., Inc. (In re Kearney*
   *Chems., Inc.)*, 468 F. Supp. 1107 (D. Del. 1979)..................................... 6

*Nami v. Fauver*, 82 F.3d 63 (3d. Cir. 1996)................................................. 13

*Nantucket Investors II v. Cal. Fed. Bank (In re Indian Palms Assocs.,*
   *Ltd., B.C.)*, 61 F.3d 197 (3rd Cir. 1995)................................................. 8

*Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242
   F.2d 208 (9th Cir. 1957).......................................................................... 20

*Scheuer v. Rhodes*, 416 U.S. 232 (1974)................................................. 12, 13

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong*
   *Shipping Group Ltd.*, 181 F.3d 410 (3rd Cir. 1999) ............................... 8

### STATUTES AND RULES

28 U.S.C. § 158(a)(1) ................................................................................ 4

26 U.S.C. § 338(h)(10)............................................................................... 16

Federal Rules of Civil Procedure, Rule 8(a) ............................................... 19

Federal Rules of Civil Procedure, Rule 8(f)................................................ 19

Federal Rules of Civil Procedure, Rule 15(a) ............................................. 20

Federal Rules of Bankruptcy Procedure, Rule 8001 ................................... 4

Federal Rules of Bankruptcy Procedure, Rule 8002 ................................... 4

Federal Rules of Evidence, Rule 201 .......................................................... 8

## **OTHER AUTHORITIES**

5B Charles Alan Wright & Arthur R. Miller, *Federal Practice
    and Procedure:  Civil* (3d ed. 2004) ............................................................. 14, 20

## INTRODUCTION

This appeal (the "**Appeal**") arises out of an adversary proceeding (the "**Adversary Proceeding**") instituted by Big Lots Stores, Inc. ("**Big Lots**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") against debtor KB Acquisition Corporation ("**KBAC**") and all of its debtor affiliates (the "**Affiliates**," and together with KBAC, the "**Defendants**"). Big Lots seeks declaratory relief, an accounting and money judgment, damages for conversion, and injunctive relief relating to the Defendants' wrongful taking and continued retention of certain tax refunds (the "**Tax Refunds**") that belong to Big Lots.

The primary issue in the Adversary Proceeding, and, admittedly, one on which all of Big Lots' claims hinge, is whether Big Lots owns the Tax Refunds, which it clearly does, or whether Big Lots somehow sold the Tax Refunds (with no intention of doing so and for no consideration) in connection with a stock transfer (the "**Sale**") pursuant to a purchase agreement, dated as of December 7, 2000 (the "**Agreement**"), between KBAC and Big Lots' predecessor-in-interest, Consolidated Stores Corporation.[1]

---

[1]    Big Lots, by virtue of its 100% stock ownership in and various pre-Sale tax sharing agreements with its then-affiliates, directly or indirectly owned 100% of the beneficial interest in the Tax Refunds prior to the Sale -- an indisputable fact that appears to have been lost on the Defendants and overlooked by the Bankruptcy Court. *See also* n.6, *supra*. The Bankruptcy Court's conclusory statement that the Tax Refunds would have been assets of the Affiliates rather than Big Lots but for the Sale (Opinion at 2 and n.2) has no support in the record, is clearly erroneous and accordingly is entitled to no deference. Contrary to the Bankruptcy Court's suggestion (Opinion at 2), Big Lots did not acknowledge or otherwise admit that it had no interest in the Tax Refunds prior to the consummation of the Sale. *See* n.6, *supra*.

1

Big Lots appeals from an order (the "**Order**") (Dkt. No. 109, App. Ex. A)[2] and memorandum opinion (the "**Opinion**") (Dkt. No. 110, App. Ex. B) of the Bankruptcy Court granting Defendants' motion to dismiss (the "**Motion to Dismiss**") (Dkt. No. 24, App. Ex. E) and dismissing Big Lots' amended complaint (the "**Amended Complaint**") (Dkt. No. 13, App. Ex. D) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the Adversary Proceeding by virtue of Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

In the Opinion, the Bankruptcy Court cited but failed to adhere to the well-established legal standards applicable to a motion to dismiss and erroneously concluded that "there are no facts or reasonable inferences to support a finding that Big Lots' allegation of an ownership interest in the (T)ax (R)efunds is correct." (Opinion at 4, App. Ex. B.) When assessed under the appropriate legal standards, and considering all of the well pleaded allegations in the Amended Complaint and all of the reasonable inferences to be drawn therefrom, the Amended Complaint clearly states cognizable claims premised on Big Lots' ownership of the Tax Refunds.

Further, the ultimate issue of who owns the Tax Refunds depends on myriad interdependent factual and legal questions that have yet to be identified, developed and/or adequately considered, including without limitation the facts and

---

[2]    Unless otherwise indicated, all references to "Dkt. No." herein are references to docket entries in the underlying adversary proceeding, *Big Lots Stores, Inc. v. KB Acquisition Corporation, et al.*, Adversary Proceeding No. 04-53134 (JBR).

circumstances surrounding the negotiation and consummation of the Agreement, as well as the proper construction and interpretation of the Agreement and other related documents.  Under the circumstances, the Bankruptcy Court should have denied the Motion to Dismiss and considered the matter on summary judgment.  At a minimum, the Bankruptcy Court should have granted Big Lots leave to amend the Complaint prior to issuing the Opinion and Order.

3

## BASIS OF APPELLATE JURISDICTION

This Court has jurisdiction over the Appeal pursuant to 28 U.S.C. § 158(a)(1) and Bankruptcy Rules 8001(a) and 8002.

Section 158(a)(1) provides that district courts of the United States have jurisdiction to hear appeals from "final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings." 28 U.S.C. § 158(a)(1). It is beyond dispute that the Order, which dismissed the Amended Complaint, constitutes a "final order" within the meaning of section 158.

Bankruptcy Rule 8001 provides that "(a)n appeal from a judgment, order, or decree of a bankruptcy judge to a district court . . . as permitted by 28 U.S.C. § 158(a)(1) . . . shall be taken by filing a notice of appeal with the clerk within the time allowed by (Bankruptcy) Rule 8002." Bankruptcy Rule 8002 requires notices of appeal to be filed "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).

Big Lots timely filed its notice of appeal (Dkt. No. 114, App. Ex. C) on September 2, 2004 -- eight days after the Order and Opinion were entered on the docket of the Adversary Proceeding.

4

## ISSUE PRESENTED

The primary issue presented in this Appeal is whether the Bankruptcy Court erred as a matter of law in dismissing the Amended Complaint on the grounds set forth in the Opinion.

120156.01600/40153925v7

## STANDARD OF APPELLATE REVIEW

This Court exercises plenary review of the Bankruptcy Court's dismissal of a complaint under Federal Rule 12(b)(6). *See Blaw Knox Ret. Income Plan v. White Consol. Indus., Inc.*, 998 F.2d 1185, 1188 (3d Cir. 1993).

As detailed below, it is well established that a complaint should not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff can prove no set of facts in support of a claim that would entitle plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The same standard governs this Court's review on appeal from a bankruptcy court's order of dismissal. *See Mfrs. Hanover Trust Co. v. Kearney Chems., Inc. (In re Kearney Chems., Inc.)*, 468 F. Supp. 1107, 1109 (D. Del. 1979).

Accordingly, in reviewing the Bankruptcy Court's conclusions, this Court must accept as true all well-pleaded allegations in the Amended Complaint and construe all reasonable inferences that can be drawn from the alleged facts in the light most favorable to Big Lots. *See Blaw Knox*, 998 F.2d at 1188. This Court may affirm the dismissal only if it appears certain that no relief could be granted under any set of facts that could have been proved. *See id.*

6

## STATEMENT OF THE CASE/PROCEDURAL HISTORY

On January 14, 2004 (the "**Petition Date**"), the Defendants filed petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "**Bankruptcy Code**").

On March 26, 2004, Big Lots filed a verified complaint (the "**Complaint**") (Dkt. No. 1) seeking, among other things, to recover Tax Refunds wrongfully held and converted by KBAC. Big Lots subsequently filed an Amended Complaint to include the Affiliates as defendants in this Adversary Proceeding.

On March 31, 2004, Big Lots filed its motion for a preliminary injunction (the "**PI Motion**") (Dkt. No. 5) seeking to enjoin KBAC from spending, using or otherwise disposing of any Tax Refunds already received or that will be received in the future pending a resolution of the merits of the Adversary Proceeding. The hearing on the PI Motion (the "**PI Hearing**") was scheduled for April 29, 2004.

After filing the PI Motion, Big Lots immediately requested that KBAC produce representatives for deposition sufficiently in advance of the PI Hearing. (Kloss Aff. ¶ 3, App. Ex. G).[3] By April 9, 2004, counsel for the Defendants had made it abundantly clear they would "do anything possible" to prevent Big Lots from conducting discovery prior to the PI Hearing. (Kloss Aff. ¶ 7, App. Ex. G). As a consequence, on

---

[3]    The affidavit of William D. Kloss, Jr. was attached to Big Lots' motion to compel a deposition pursuant to Federal Rule 30(b)(6) and schedule an expedited conference pursuant to Federal Rule 26(f) (Dkt. No. 9), which motion was designated as an item to be included in the record on this Appeal (Item No. 4).

7

April 12, 2004, Big Lots was forced to file a notice of deposition, along with a motion for

an order compelling KBAC to produce a corporate representative for deposition pursuant

to Federal Rule 30(b)(6) and scheduling an expedited discovery conference pursuant to

Federal Rule 26(f) (the "**Motion to Compel**") (Dkt. No. 9).

On April 20, 2004, the Bankruptcy Court convened a telephonic hearing on

the Motion to Compel (and the Defendants' responsive motion for protective order) and

subsequently issued an order denying the Motion to Compel and quashing all outstanding

notices of deposition (Dkt. No. 20).

At the PI Hearing, Big Lots, through its counsel, attempted to elicit the

testimony of L. Michael Watts, the Vice President of Tax for Big Lots, in support of the

PI Motion. (April 29, 2004 Hr' Tr. at 40, App. Ex. H.)[4] The Defendants opposed Big

Lots' request (April 29, 2004 Hr' Tr. at 41, App. Ex. H), and the Bankruptcy Court

refused to permit testimony (April 29, 2004 Hr' Tr. at 62, App. Ex. H).

During a colloquy with Big Lots' counsel regarding Section 8.03(d) of the

Agreement and the balance sheet provisions (which are discussed below), the Bankruptcy

Court made the following observation:  "All right, well that's some evidence that

---

[4]    The transcript of the PI Hearing was not designated as an item to be included in
the record on this Appeal but is a matter of public record, *see* Docket No. 1036 in
the underlying chapter 11 proceedings, Case No. 04-10120 (JBR), of which this
Court may take judicial notice, *see Southern Cross Overseas Agencies, Inc. v. Wah
Kwong Shipping Group Ltd.*, 181 F.3d 410, 413 (3rd Cir. 1999) (concluding that
court may take judicial notice of an earlier published bankruptcy opinion because
it is a matter of public record); *Nantucket Investors II v. Cal. Fed. Bank (In re
Indian Palms Assocs., Ltd., B.C.)*, 61 F.3d 197, 205 (3rd Cir. 1995) (holding that
judicial notice may be taken at any stage of the proceedings, including on appeal);
Fed. R. Evid. 201.

buttresses (Big Lots') argument (that Big Lots) never sold (the Tax Refunds)" (April 29, 2004 Hr' Tr. at 48, App. Ex. H.)  Nonetheless, at the conclusion of the PI Hearing, the Bankruptcy Court expressed its skepticism about Big Lots' ability to succeed on the merits and denied the PI Motion.  (April 29, 2004 Hr' Tr. at 78, App. Ex. H.)

On April 26, 2004, the Defendants filed the Motion to Dismiss and supporting memorandum of law (Dkt. No. 25, App. Ex. F), which effectively foreclosed Big Lots' ability to conduct discovery.

On May 20, 2004, Big Lots submitted its answering brief to the Motion to Dismiss (Dkt. No. 97, App. Ex. I) and also filed a motion for summary judgment (Dkt. No 98, App. Ex. J) and opening brief in support thereof (Dkt. No. 99, App. Ex. K) (collectively, the "**Summary Judgment Motion**").  Big Lots attached to the Summary Judgment Motion an affidavit from Mr. Watts (the "**Watts Affidavit**"), who was intimately involved in the negotiation of the Agreement.[5]  (Watts Aff. ¶¶ 2-4, App. Ex. L.)  The Watts Affidavit contains direct, undisputed evidence that the parties did not intend to transfer the Tax Refunds pursuant to the Sale.  Indeed, Mr. Watts' unrefuted

---

[5]    The Summary Judgment Motion and its exhibits, including but not limited to the Watts Affidavit, were designated as items to be included in the record on appeal and may properly be considered on this Appeal.  Though the Defendants on September 23, 2004, filed a motion to strike the Summary Judgment Motion from the record on appeal, the Defendants never filed a reply to Big Lots' answering brief in opposition to the motion to strike and never filed a notice of completion of briefing in the Bankruptcy Court.  The Defendants have waived and abandoned any argument that the Summary Judgment Motion should not be considered as part of the record on appeal.

9

testimony evidences that the Tax Refunds were not being sold and therefore were not included in the purchase price paid by KBAC. (Watts Aff. ¶ 13, App. Ex. L.)

Pursuant to a stipulation and order (Dkt. Nos. 100, 104, App. Ex. M), the time for the Defendants to respond to the Summary Judgment Motion was extended until twenty-one days after a ruling denying the Motion to Dismiss. Because the Motion to Dismiss was granted, the Defendants never filed a response to the Summary Judgment Motion.

On June 1, 2004, the Defendants filed their reply brief in support of the Motion to Dismiss (Dkt. No. 101, App. Ex. N) and submitted to the Bankruptcy Court a notice of completion of briefing (Dkt. No. 102).

Argument on the Motion to Dismiss was held on August 23, 2004. At the argument, counsel for Big Lots argued, among other things, that the Court should deny the Motion to Dismiss in favor of considering the matter under the pending Motion for Summary Judgment. (August 23, 2004 Hr' Tr. at 34, 35, 37-41, App. Ex. O.) On August 25, 2004, the Court entered the Opinion and Order granting the Motion to Dismiss, from which Big Lots timely appealed.

To date, Big Lots has not been permitted to conduct depositions (or, for that matter, obtain any discovery whatsoever) in the Adversary Proceeding. Nor was Big Lots afforded an opportunity prior to dismissal to amend the Complaint to include additional allegations supporting Big Lots' claims, such as those contained in the Watts Affidavit.

## STATEMENT OF UNDISPUTED FACTS

In December 2000, Big Lots (then known as Consolidated Stores Corporation) sold to KBAC the business popularly known as "KB Toys" pursuant to a stock Sale. (Am. Compl. ¶ 76, App. Ex. D.) Pursuant to the Agreement, KBAC acquired ownership of the Affiliates, the entities through which the KB Toys business was conducted. (Am. Compl. ¶ 76, App. Ex. D.)

Big Lots did not intend to, nor did it, sell or otherwise transfer the Tax Refunds to KBAC. (Am. Compl. ¶ 81, App. Ex. D; Watts Aff. ¶ 13, App. Ex. L.) To the contrary, Big Lots intended to and did carve the Tax Refunds out of the Sale. (Am. Compl. ¶ 81, App. Ex. D; Watts Aff. ¶ 13, App. Ex. L.) Thus, the Tax Refunds remain the property of Big Lots and are not property of the Defendants' bankruptcy estates within the meaning of section 541 of the Bankruptcy Code. (Am. Compl. ¶ 81, App. Ex. D.)

KBAC and/or the Affiliates received Tax Refunds both before and after the Petition Date. (Am. Compl. ¶¶ 83-84, App. Ex. D.) Despite numerous demands, the Defendants have wrongfully refused to turn over the Tax Refunds to Big Lots. (Am. Compl. ¶ 85, App. Ex. D.)

11

## **ARGUMENT**

The Bankruptcy Court erred as a matter of law in dismissing the Amended Complaint based upon the Motion to Dismiss. First, the Bankruptcy Court failed to adhere to the applicable legal standards in addressing the Motion to Dismiss. Second, the Bankruptcy Court erroneously concluded that there was no evidence to support a finding that Big Lots owns the Tax Refunds. Lastly, the Bankruptcy Court should have denied the Motion to Dismiss in favor of considering the matter on the pending Summary Judgment Motion or, as a matter of fundamental fairness, Big Lots should have been afforded an opportunity to amend the Complaint on the issue of whether Big Lots owns the Tax Refunds before the Bankruptcy Court summarily concluded it did not.

## I.    THE BANKRUPTCY COURT FAILED TO ADHERE TO THE APPLICABLE LEGAL STANDARDS IN RULING ON THE MOTION TO DISMISS.

In ruling on the Motion to Dismiss, the Bankruptcy Court disregarded the well-established legal standards applicable to a motion to dismiss pursuant to Federal Rule 12(b)(6) and, instead, appears to have improperly based its decision on its premature assessment of the merits of Big Lots' claims. The Amended Complaint clearly states legally cognizable claims for relief when assessed under the appropriate legal standards and therefore should not have been dismissed.

When a federal court "reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The ultimate inquiry on

12

a motion to dismiss is whether the plaintiff is entitled to offer evidence to support the claims; the inquiry is not whether the plaintiff will ultimately prevail. *See id.*; *Nami v. Fauver*, 82 F.3d 63, 65 (3d. Cir. 1996). Indeed, as the Supreme Court has observed, even though it may appear on the face of the pleadings that a recovery is very remote and unlikely, which certainly is not the case here, "that is not the test." *See Scheuer*, 416 U.S. at 236.

As noted above, the long-established rule under Federal Rule 12(b)(6) is that a complaint should not be dismissed unless it appears *beyond doubt* that the plaintiff can prove *no set of facts* in support of a claim that would entitle the plaintiff to relief. *See, e.g.*, *Gibson*, 355 U.S. at 45-46; *Blaw Knox*, 998 F.2d at 1188. In ruling on a motion to dismiss a court must accept as true all well pleaded allegations in the complaint and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. *See Blaw Knox*, 998 F.2d at 1188.

Though the Bankruptcy Court cited the foregoing legal standards (Opinion at 1-2, App. Ex B), it failed to adhere to them in ruling on the Motion to Dismiss. The Bankruptcy Court disregarded the well pleaded facts set forth in the Amended Complaint. The Bankruptcy Court should have accepted as true for purposes of the Motion to Dismiss the following undisputed facts: (1) Big Lots did not intend to, nor did it, sell or otherwise transfer the Tax Refunds to KBAC (Am. Compl. ¶ 81, App. Ex. D); (2) Big Lots intended to and did carve the Tax Refunds out of the Sale (Am. Compl. ¶ 81, App. Ex. D); and (3) the Tax Refunds remained the property of Big Lots (Am. Compl. ¶ 81, App. Ex. D). Had the Bankruptcy Court done so, as it was required to do under the

13

standards applicable to a motion pursuant to Federal Rule 12(b)(6), it would have had no choice but to deny the Motion to Dismiss.

Further, the decision of the Bankruptcy Court appears to have been improperly based on its belief that Big Lots will not succeed on the merits of its claims. Whether Big Lots ultimately will prevail on the merits is irrelevant in this procedural context and virtually impossible to determine at this early stage of the proceedings. The Defendants have neither admitted nor denied the allegations in the Amended Complaint, and Big Lots has not had any, much less an adequate, opportunity to conduct discovery on its claims. The merits of Big Lots' claims should be determined on the basis of proof, which means on the Summary Judgment Motion, after discovery, or after a trial on the merits, and not merely on the sole basis of the Amended Complaint. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1357, pp. 685, 690 (3d ed. 2004).

## II. THE BANKRUPTCY COURT ERRED IN CONCLUDING THAT THERE ARE NO FACTS OR REASONABLE INFERENCES SUPPORTING BIG LOTS' OWNERSHIP OF THE TAX REFUNDS.

The Bankruptcy Court erroneously concluded, as a matter of law, that there are no facts or reasonable inferences to support a finding that Big Lots owns the Tax Refunds.    (Opinion at 4, App. Ex. B.)    The Bankruptcy Court's conclusion is demonstrably at odds with the record in this case and cannot be reconciled with the uncontested allegations in the Amended Complaint, which must be accepted as true.    In addition, numerous reasonable inferences can and should be drawn from the provisions of

14

the Agreement and related documents -- all of which establish that Big Lots rather than the Defendants is the owner of the Tax Refunds.

### A.    Section 8.03(d) Of The Agreement Buttresses A Finding That The Tax Refunds Were Not Part Of The Sale.

Section 8.03(d) of the Agreement contains a covenant requiring KBAC to turn over to Big Lots Tax Refunds received post-closing. Despite the fact that the Tax Refunds were not part of the Sale, it was impractical if not impossible for Big Lots to cause the taxing authorities to remit them directly to Big Lots for the obvious reason that tax returns are made in the name of the tax filers -- namely, the Affiliates. (Watts Aff. ¶ 17, App. Ex. L.) Section 8.03(d) reinforces KBAC's obligation to turn over property of Big Lots that the parties anticipated would come into the possession of KBAC and/or the Affiliates post-closing.

Though KBAC's obligations under Section 8.03(d) of the Agreement may, as the Defendants suggest, amount to a mere "promise to pay," such promise is evidence that Big Lots owns and did not sell the Tax Refunds. The Bankruptcy Court effectively conceded as much during the colloquy with Big Lots' counsel. The Bankruptcy Court's observation at the PI Hearing that Section 8.03(d) of the Agreement and other considerations "buttresses" Big Lots' argument (April 29, 2004 Hr' Tr. at 48, App. Ex. H) cannot be reconciled with the Bankruptcy Court's subsequent unsupported conclusion that Section 8.03(d) "does not support a finding that . . . Big Lots was an owner of (the Tax Refunds)." (Opinion at 4, App. Ex. B.)

15

Section 8.03(d) of the Agreement supports a finding that the Tax Refunds were not sold to KBAC in connection with the Sale, particularly when viewed (as required) in the light most favorable to Big Lots.    The Bankruptcy Court erred in concluding otherwise.

**B.    Other Provisions Of The Agreement And Related Documents Provide Additional Evidence That The Tax Refunds Were Not Sold to KBAC.**

Other provisions of the Agreement, as well as various balance sheets and journal entries prepared in connection with the Sale, provide conclusive evidence that Big Lots owns and did not sell the Tax Refunds.

For example, pursuant to Section 8.03(b), KBAC covenanted that neither it nor any of its subsidiaries or affiliates would take any action against or otherwise use any tax attribute belonging to Big Lots.    Section 8.03(b) is evidence that the parties believed the Tax Refunds belonged to and would remain property of Big Lots after the Sale. Similarly, pursuant to Section 8.03(a), the parties made a joint election under section 338(h)(10) of the Internal Revenue Code.[6]    This election required Big Lots and KBAC to agree on an allocation of the purchase price to all assets transferred as part of the Sale.

---

[6]    Any stock sale subject to an election under section 338(h)(10) is treated as an asset sale for income tax purposes.  *See* 26 U.S.C. § 338(h)(10).  Pursuant to the parties' election, the old entities owned by Big Lots were treated as having sold their assets and liabilities on the closing date to the Affiliates. (Watts Aff. ¶ 18, App. Ex. L.)  The old entities were treated as if they have been liquidated on the closing date and all of their tax attributes, including the Tax Refunds, flowed up to and became assets of the parent company, Big Lots, and were not transferred. (Watts Aff. ¶ 18, App. Ex. L.)  The Affiliates on a going forward basis were treated as having no income tax history. (Watts Aff. ¶ 18, App. Ex. L.)

120156.01600/40153925v7

(Watts Aff. ¶ 19, App. Ex. L.)  No portion of the purchase price was allocated to the Tax Refunds because they were not part of the Sale. (Watts Aff. ¶ 19, App. Ex. L.)

The balance sheets prepared by the Defendants for price allocation purposes also establish that the Tax Refunds were not intended to be part of the Sale. KBAC, in accordance with Section 1.01 of the Agreement, prepared balance sheets, including a consolidated balance sheet, that reflected the assets and liabilities of the Affiliates as of October 28, 2000. (Watts Aff. ¶ 7, App. Ex. L.)  The October 28, 2000 consolidated balance sheet identified certain miscellaneous estimated tax refunds, including Tax Refunds that are at issue in the Adversary Proceeding. (Watts Aff. ¶ 8, App. Ex. L.)  Pursuant to Section 8.03(k), KBAC was required to and did cause the Affiliates to prepare final financial documents, including a consolidated balance sheet, that reflected the assets and liabilities of the Affiliates as of the closing date. (Watts Aff. ¶ 15, App. Ex. L.)  The Tax Returns were intentionally omitted from the closing date consolidated balance sheet because the Tax Returns were not part of the Sale. (Watts Aff. ¶ 15, App. Ex. L.)

The Bankruptcy Court incorrectly and improperly concluded that "(I)t is an unreasonable inference that since the tax refunds were not included on the balance sheets they were not part of the stock sale to KBAC, particularly considering that the parties knew how to exclude assets from the stock sale as evidenced by section 5.11 of the stock purchase agreement regarding the transfer of LLC interests." (Opinion at 4, App. Ex. B.) In drawing such conclusions, the Bankruptcy Court did not construe the Complaint in the light most favorable to Big Lots. Also, it was improper for the Bankruptcy Court to draw

17

such conclusions in a vacuum and without considering all of the relevant facts and circumstances, including those described in the Summary Judgment Motion, as well as additional facts and circumstances that will be disclosed during discovery.

Finally, journal records dated as of November 2000 confirm that the Tax Refunds were transferred to Big Lots' predecessor, Consolidated Stores Corporation, prior to and therefore were not part of the Sale.[7] A corporation records the acquisition or disposal of assets on its financial records by journal entries. (Watts Aff. ¶ 16, App. Ex. L.) The disposal of the Tax Refunds was required to be and in fact was recorded on the books of the Affiliates by journal entries dated as of November 2000. (Watts Aff. ¶ 16 and Ex. 5 thereto, App. Ex. L.) The journal entries removed the Tax Refunds from the balance sheets of the Affiliates because the Tax Refunds were transferred to Big Lots prior to the closing of the Sale. (Watts Aff. ¶ 16, App. Ex. L.) In fact, the journal entries are labeled as "Deferred Tax Assets as of 10/28-Trans to Seller (CNS)." (Watts Aff. ¶ 16 and Ex. 5 thereto, App. Ex. L.) At the time of the Sale, Big Lots was known as Consolidated Stores Corporation and its stock symbol was "CNS." (Watts Aff. ¶ 16, App. Ex. L.)

The Bankruptcy Court apparently disregarded all of these facts in reaching its conclusion.

Considered in the light most favorable to Big Lots, the provisions of the Agreement, the balance sheets and the related journal entries constitute substantial

---

[7]    Copies of the journal records are attached as Exhibit 5 to the Watts Affidavit, App. Ex. L.

evidence that the Tax Refunds were not part of the Sale and therefore remained property of Big Lots. Accordingly, the Amended Complaint should not have been dismissed.

## III.   THE BANKRUPTCY COURT SHOULD HAVE DENIED THE MOTION TO DISMISS OR, AT A MINIMUM, AFFORDED BIG LOTS AN OPPORTUNITY TO AMEND THE COMPLAINT.

In light of the liberal pleading standards established in the Federal Rules, as well as the strong federal policy favoring decisions on the merits, the Bankruptcy Court should have denied the Motion to Dismiss in favor of a ruling on Big Lots' pending Summary Judgment Motion. At a minimum, Big Lots should have been afforded an opportunity to amend the Complaint.

Admittedly, as evidenced by the Watts Affidavit, the Amended Complaint does not contain every factual allegation or argument Big Lots relies upon to prove that it owns the Tax Refunds. Nor does it have to.

The Federal Rules do not require a claimant to set out in detail all of the facts upon which a claim is based. *See Gibson*, 355 U.S. at 47. To the contrary, all Federal Rule 8(a) requires is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Gibson*, 355 U.S. at 47; *see also* Fed. R. Civ. P. 8(a). In addition, Federal Rule 8(f) mandates that all pleadings be construed so as to do "substantial justice." Fed. R. Civ. P. 8(f).

The liberal pleading standards described above are designed to facilitate a proper decision on the merits, which is the primary objective of the law. *See Gibson*, 355

U.S. at 48; 5B *Federal Practice and Procedure: Civil* § 1357, p. 570 (citing *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208 (9th Cir. 1957)).

Consistent with the liberal "notice pleading" requirements and the strong federal policy favoring decisions on the merits, the Complaint contained sufficient allegations to survive a motion to dismiss. Even if there were some question about the sufficiency of the Complaint, which there is not, Big Lots, at a minimum, should have been afforded an opportunity to amend the Complaint to add additional facts proving that Big Lots owns the Tax Refunds. *See* Fed. R. Civ. P. 15(a) (leave to amend should be "freely given when justice so requires").

120156.01600/40153925v7

## CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court should be reversed and the matter remanded to the Bankruptcy Court for further proceedings.

Dated: June 1, 2005

**BLANK ROME LLP**

Michael D. DeBaecke (Del. Bar No. 3186)
Jason W. Staib (Del. Bar No. 3779)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464

- and -

**VORYS, SATER, SEYMOUR AND PEASE LLP**
Robert J. Sidman
William D. Kloss, Jr.
52 East Gay Street
Columbus, OH 43215
Telephone:    (614) 464-6400
Facsimile:    (614) 719-4962

*Counsel for Appellant
Big Lots Stores, Inc.*

21