**EXHIBIT H**

```
 1
 2                    UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF DELAWARE
 3
                                       .
 4   IN RE:                            .    Chapter 11
                                       .
 5   KB Toys, Inc., et al.,            .
                                       .
 6           Debtor(s).                .    Bankruptcy #04-10120 (JBR)
     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 7
                              Wilmington, DE
 8                            April 29, 2004
                               12:00 p.m.
 9
                       TRANSCRIPT OF OMNIBUS HEARING
10              BEFORE THE HONORABLE JOEL B. ROSENTHAL
                     UNITED STATES BANKRUPTCY JUDGE
11
     APPEARANCES:
12
     For The Debtor(s):             Joel Waite, Esq.
13                                  Young, Conaway, Stargatt
                                    & Taylor, LLP
14                                  The Brandywine Bldg.
                                    1000 West St.-17th Fl.
15                                  Wilmington, DE 19801

16                                  Mark N. Polebaum, Esq.
                                    Hale & Dorr, LLP
17                                  60 State Street
                                    Boston, MA 02109
18
                                    Mitchel Applebaum, Esq.
19                                  Hale & Dorr, LLP
                                    60 State Street
20                                  Boston, MA 02109

21                                  Michael Pandolfi, Esq.
                                    Hale & Dorr, LLP
22                                  60 State Street
                                    Boston, MA 02109
23
                                    Kristin Collins, Esq.
24                                  Hale & Dorr, LLP
                                    60 State Street
25                                  Boston, MA 02109
```

*Writer's Cramp, Inc.*
Certified Court Transcribers
732-329-0191

| | | |
|---|---|---|
| 1 | For The Official Committee: | Maura Russell, Esq. |
|   | of Unsecured Creditors | Traub Bonacquist & Fox |
| 2 | | 655 Third Ave.-21st Fl. |
|   | | New York, NY 10017 |
| 3 | | |
|   | | Kimberly D. Newmarch, Esq. |
| 4 | | Richards Layton & Finger |
|   | | One Rodney Square |
| 5 | | Wilmington, DE 19899 |
| 6 | For Fleet Bank: | Peter Duhig, Esq. |
|   | | Klett Rooney Lieber |
| 7 | | & Schorling, PC |
|   | | The Brandywine Bldg. |
| 8 | | 1000 West Street-Ste. 1410 |
|   | | Wilmington, DE 19801 |
| 9 | | |
|   | For Big Lots Stores: | Michael DeBaecke, Esq. |
| 10 | | Blank Rome, LLP |
|   | | Chase Manhattan Centre |
| 11 | | 1201 Market Street-Ste. 800 |
|   | | Wilmington, Delaware 19801 |
| 12 | | |
|   | | William Kloss, Jr., Esq. |
| 13 | | Vorys Sater Seymour |
|   | | & Pease, LLP |
| 14 | | 52 East Gay Street |
|   | | Columbus, OH 43216 |
| 15 | | |
|   | For Veritas Software: | Ricardo Palacio, Esq. |
| 16 | | Ashby & Geddes |
|   | | 222 Delaware Ave.-17th Fl. |
| 17 | | Wilmington, Delaware 19899 |
| 18 | For Toy Acquisition (Buyer): | Steven Wilamowsky, Esq. |
|   | | Wilkie Farr & Gallagher, LLP |
| 19 | | The Equitable Center |
|   | | 787 Seventh Ave. |
| 20 | | New York, NY 10019 |
| 21 | For Oracle Corporation &: | Kevin J. Mangan, Esq. |
|   | Sears Roebuck | Monzack & Monaco, PA |
| 22 | | 400 Commerce Center |
|   | | 12th & Orange Sts. |
| 23 | | Wilmington, DE 19899 |
| 24 | | |
| 25 | | |

3

```
 1                                    Francis A. Monaco, Jr., Esq.
                                      Monzack & Monaco, PA
 2                                    400 Commerce Center
                                      12th & Orange Sts.
 3                                    Wilmington, DE 19899

 4   For Roberta A. DeAngelis:        Mark Kenney, Esq.
     (Acting US Trustee-Reg. 3)       Office of U.S. Trustee
 5                                    844 King Street-Ste. 2313
                                      Lock Box 35
 6                                    Wilmington, DE 19801

 7   Audio Operator:                  Brandon J. McCarthy

 8   Transcribing Firm:               Writer's Cramp, Inc.
                                      6 Norton Rd.
 9                                    Monmouth Jct., NJ 08852
                                      732-329-0191
10
     Proceedings recorded by electronic sound recording, transcript
11   produced by transcription service.
```

40

1    MR. KLOSS: Good afternoon, Your Honor. My name is
2    Bill Kloss, I'm with the firm of Vorys Sater Seymour & Pease
3    and I represent Big Lots in this matter. Before the Court is
4    Big Lot's Motion for Preliminary Injunction. Just as a
5    procedural matter, Your Honor, would you like an opening
6    because we are prepared to present a witness today in support
7    of our motion.
8        THE COURT: Why do I need testimony?
9        MR. KLOSS: The witness can provide -- there's a
10   variety of documents that were going to submit in support of
11   our Motion for Preliminary Injunction and can also explain the
12   guts of the transaction, for lack of a better term.
13       THE COURT: How long is the witness going to take?
14       MR. KLOSS: I would say about 30 minutes.
15       THE COURT: Did you advise us, in advance, that there
16   was going to be testimony?
17       THE COURT: We discussed it with --
18       MR. KLOSS: I didn't ask who you discussed it with,
19   did you advise the Court?
20       MR. DE BAECKE: Yes, Your Honor. Michael DeBaecke,
21   also counsel for Big Lots and we have advised the Court of
22   that.
23       THE COURT: How many witnesses do you have, Mr.
24   Polebaum?
25       MR. POLEBAUM: Your Honor, I have no witnesses and in

1    fact, we will oppose any testimony that seeks to explain the
2    contract.  We believe that the contract is a integrated
3    agreement that speaks for itself and that the language that's
4    in dispute is unambiguous and there should be no parol evidence
5    being --
6            THE COURT:  Is that the purpose of your witness, to
7    explain the contract?
8            MR. KLOSS:  First of all, there's no parol evidence
9    that's going to occur here.  The purpose is to explain the
10   transaction and also provide the financial information that
11   supports Big Lot's position in this matter.  That the assets in
12   question were not transferred as a part of this transaction.
13   That's the fundamental question here, Your Honor.  The tax
14   refunds of issue, were they transferred as a part of this stock
15   purchase or not.  And the answer to that --
16           THE COURT:  Let me ask you a very practical question.
17           MR. KLOSS:  Sure.
18           THE COURT:  How much in tax refunds are left out
19   there?
20           MR. KLOSS:  We believe there are about $1.2 million
21   or thereabouts on the outside.
22           THE COURT:  Over what period of time do you expect
23   them to be received?
24           MR. KLOSS:  Unclear, we believe that there have been
25   about $800,000 received, give or take a bit.  Where the

1  THE COURT: Am I in the right place? I'm on page 43
2  of your agreement, Section 8.02 -- oh, excuse me --
3  MR. KLOSS: 803.
4  THE COURT: -- 8.03(d).
5  MR. KLOSS: Yes, Sir.
6  THE COURT: And this is your basis for saying that the
7  agreement requires -- that these weren't sold. "The buyer
8  shall promptly pay or shall cause prompt payment to be made to
9  seller of all refunds of taxes and interest." That's what
10 you're relying on?
11 MR. KLOSS: Well, we're relying on -- well, more than
12 that. This is the allocation to payover. What we're also
13 relying on are the balance sheet provisions which we've talked
14 about.
15 THE COURT: All right, well that's evidence that
16 buttresses your argument you never sold them.
17 MR. KLOSS: Right, which is part of, part and parcel
18 of, and --
19 THE COURT: So, if you've never sold them, why were
20 they collecting them?
21 MR. KLOSS: Well, that's the -- unlike a plane, or a
22 car for example, we can take -- it's a titled asset. We could
23 take possession of the plane, and leave it in our hanger. And
24 in fact the two planes that were carved out of this deal,
25 that's what we did. But because of the special nature of the

62

1  MR. KLOSS: Well, under 803(b) there is a covenant
2  that they will not use -- a mutual covenant, 803(b) under that
3  as a whole that the seller -- or excuse me -- the buyer is not
4  going to use any tax attributes that are the sellers, and
5  there's likewise a mutual obligation that the seller will not
6  be using any tax attributes that are the buyers. And how to
7  determine who owns what or who's attributes are there, you've
8  got to look -- you've got to take a snapshot of the company's
9  financial picture on the day of the closing. What was on its
10 balance sheet, because a tax refund is an asset, that if it
11 exists, even if its an estimate is carried on the balance sheet
12 of the company. Before it existed and on -- the date of the
13 transaction it didn't exist, and we can show the journal
14 entries that took it off the books.
15       THE COURT: Okay. I don't think testimony's going to
16 help -- you've done a very good job explaining to me. I don't
17 think I have to take the time to --
18       MR. KLOSS: Okay.
19       THE COURT: -- hear the witness unless Mr. Polebaum
20 wants to cross examine him.
21       MR. POLEBAUM: No, Your Honor, I have no interest in
22 doing that.
23       THE COURT: I didn't think you did. Thank you
24 counselor. Anything further?
25       MR. KLOSS: Well, I think that you've identified also

78

1  doing so wrongfully.  They are converting our assets by holding
2  them.  So in the end, I think we have absolutely showed all of
3  the elements, to meeting a preliminary injunction standard.
4  There is a reasonable probability of success.  The exhibits,
5  I'd move that they be admitted and considered by the Court, and
6  again remember Judge, they have not presented any evidence to
7  rebut anything we've submitted.  Thank you very much for your
8  time today.
9          THE COURT:  Thank you.
10         MR. POLEBAUM:  Your Honor, I just want to -- we are
11 opposing the admission of those exhibits --
12         THE COURT:  And I'm not accepting those exhibits.  The
13 linchpin of granting a preliminary injunction is a
14 demonstration of reasonable probability of success on the
15 merits.  My reading of the Agreement such as -- has been --
16 portions of the Agreement that it was pointed out to me, raises
17 serious questions in my mind as the likelihood of probability
18 of success on the merits.  For that reason, I'm finding that
19 the Plaintiff has not so demonstrated, and therefore I am
20 denying the preliminary injunction.  Now, the other matter
21 that's on with respect to this is the Pre-Trial Conference.
22 And I guess I should ask you gentlemen, first of all, I think
23 you filed a Motion to Dismiss Mr. Polebaum.
24         MR. POLEBAUM:  Yes, Your Honor, and we've discussed
25 that with Mr. Kloss and subject to the Court's approval, the