# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| KB TOYS, INC., et al. | : | Case No. 04-10120 (JBR) |
| | : | (Jointly Administered) |
| Debtors, | : | |
| | : | |
| Big Lots Stores, Inc. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adversary No.  04-53134 (JBR) |
| | : | |
| KB Acquisition Corporation, | : | |
| | : | |
| and | : | |
| | : | |
| KB Toys, Inc. | : | |
| | : | |
| and | : | |
| | : | |
| Havens Corners Corporation | : | |
| | : | |
| and | : | |
| | : | |
| KB Toys (US), Inc. | : | |
| | : | |
| and | : | |
| | : | |
| Southdale Kay-Bee Toy, Inc. | : | |
| | : | |
| and | : | |
| | : | |
| KB Holdings, LLC | : | |
| | : | |
| and | : | |
| | : | |
| Aguadilla Kay-Bee Toy, Inc. | : | |
| | : | |
| and | : | |
| | : | |
| Ala Moana Kay-Bee Toy, Inc. | : | |
| | : | |

and                                          :
                                             :
Atocha Street Kay-Bee Toy, Inc.              :
                                             :
        and                                  :
                                             :
Bayamon Kay-Bee Toy, Inc.                    :
                                             :
        and                                  :
                                             :
Calle Betances Kay-Bee Toy, Inc.             :
                                             :
        and                                  :
                                             :
Carolina Kay-Bee Toy, Inc.                   :
                                             :
        and                                  :
                                             :
Centro Del Sur Kay-Bee Toy, Inc.             :
                                             :
        and                                  :
                                             :
Cordero Ave. (Caguas) Kay-Bee Toy, Inc.      :
                                             :
        and                                  :
                                             :
Fajardo State Rd. Kay-Bee Toy, Inc.          :
                                             :
        and                                  :
                                             :
KB Toy of Alaska, Inc.                       :
                                             :
        and                                  :
                                             :
KB Toy of Arizona, Inc.                      :
                                             :
        and                                  :
                                             :
KB Toy of Arkansas, Inc.                     :
                                             :
        and                                  :
                                             :
KB Toy of California, Inc.                   :
                                             :
        and                                  :
                                             :

KB Toy of Colorado, Inc.                    :
                                            :
        and                                 :
                                            :
KB Toy of Connecticut, Inc.                 :
                                            :
        and                                 :
                                            :
KB Toy of Florida, Inc.                     :
                                            :
        and                                 :
                                            :
KB Toy of Hawaii, Inc.                      :
                                            :
        and                                 :
                                            :
KB Toy of Idaho, Inc.                       :
                                            :
        and                                 :
                                            :
KB Toy of Maryland, Inc.                    :
                                            :
        and                                 :
                                            :
KB Toy of Nebraska, Inc.                    :
                                            :
        and                                 :
                                            :
KB Toy of Nevada, Inc.                      :
                                            :
        and                                 :
                                            :
KB Toy of North Carolina, Inc.              :
                                            :
        and                                 :
                                            :
KB Toy of Ohio, Inc.                        :
                                            :
        and                                 :
                                            :
KB Toy of South Dakota, Inc.                :
                                            :
        and                                 :
                                            :
KB Toy of Tennessee, Inc.                   :
                                            :

and                                          :
                                             :
KB Toy of Texas, Inc.                        :
                                             :
        and                                  :
                                             :
KB Toy of Utah, Inc.                         :
                                             :
        and                                  :
                                             :
KB Toy of Virginia, Inc.                     :
                                             :
        and                                  :
                                             :
KB Toy of Washington, Inc.                   :
                                             :
        and                                  :
                                             :
KB Toy of Wisconsin, Inc.                    :
                                             :
        and                                  :
                                             :
KB Toy of Wyoming, Inc.                      :
                                             :
        and                                  :
                                             :
KB Toy Distribution South, Inc.              :
                                             :
        and                                  :
                                             :
Kay-Bee Caguas Centrum, Inc.                 :
                                             :
        and                                  :
                                             :
Kay-Bee Carolina, Inc.                       :
                                             :
        and                                  :
                                             :
Kay-Bee De Diego Street, Inc.                :
                                             :
        and                                  :
                                             :
Kay-Bee Del Norte, Inc.                      :
                                             :
        and                                  :
                                             :

Kay-Bee Guayama, Inc.                    :

    and                               :
                                          :
Kay-Bee Isabela, Inc.                     :
                                          :
    and                               :
                                          :
Kay-Bee Juncos Plaza, Inc.                :
                                          :
    and                               :
                                          :
Kay-Bee Manati, Inc.                      :
                                          :
    and                               :
                                          :
Kay-Bee Palma Real, Inc.                  :
                                          :
    and                               :
                                          :
Kay-Bee Playa Del Sol, Inc.               :
                                          :
    and                               :
                                          :
Kay-Bee Plaza Acquarium, Inc.             :
                                          :
    and                               :
                                          :
Kay-Bee Plaza Caribe, Inc.                :
                                          :
    and                               :
                                          :
Kay-Bee Plaza Del Atlantico, Inc.         :
                                          :
    and                               :
                                          :
Kay-Bee Toy & Hobby Shops, Inc.           :
                                          :
    and                               :
                                          :
Kay-Bee Western Plaza, Inc.               :
                                          :
    and                               :
                                          :
Kay-Bee Yabucoa, Inc.                     :
                                          :

and                                                    :
                                                       :
Las Americas Kay-Bee Toy, Inc.                         :
                                                       :
and                                                    :
                                                       :
Main Street (Yauco) Kay-Bee Toy, Inc.                  :
                                                       :
and                                                    :
                                                       :
Mayaguez Kay-Bee Toy, Inc.                             :
                                                       :
and                                                    :
                                                       :
Montehiedra Kay-Bee Toy, Inc.                          :
                                                       :
and                                                    :
                                                       :
Pheasant Kay-Bee Toy, Inc.                             :
                                                       :
and                                                    :
                                                       :
Plaza Del Caribe Kay-Bee Toy, Inc.                     :
                                                       :
and                                                    :
                                                       :
Rio Hondo Kay-Bee Toy, Inc.                            :
                                                       :
and                                                    :
                                                       :
KB Toy of Pennsylvania, Inc.                           :
                                                       :
and                                                    :
                                                       :
KB Toy of Massachusetts, Inc.                          :
                                                       :
and                                                    :
                                                       :
KB Toy of New Jersey, Inc.                             :
                                                       :
and                                                    :
                                                       :
KB Toys Wholesale, Inc.                                :
                                                       :
and                                                    :
                                                       :

Travel, Inc. of Pittsfield                        :

    and                                          :

Mall of America Kay-Bee, Inc.              :

    and                                          :

Montgomery Toy, LLC                        :

    and                                          :

KB Online Holdings, LLC                    :

    and                                          :

Brain Play.com, Inc.                          :

       Defenants.                          :

## FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY, EQUITABLE, MONETARY AND INJUNCTIVE RELIEF

1.       Plaintiff, Big Lots Stores, Inc., f/k/a Consolidated Stores Corporation ("Big Lots") is an Ohio corporation having its principal place of business in Ohio.

2.       Defendant, KB Acquisition Corporation ("KB Acquisition") is a Delaware corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

3.       Defendant, KB Toys, Inc. is a Delaware corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

4.       Defendant, Havens Corners Corporation is a Delaware corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

5.       Defendant, KB Toys (US), Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

6.    Defendant, Southdale Kay-Bee Toy, Inc. is a Minnesota corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

7.    Defendant, KB Holdings, LLC is a Nevada limited liability company and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

8.    Defendant, Aguadilla Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

9.    Defendant, Ala Moana Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

10.    Defendant, Atocha Street Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

11.    Defendant, Bayamon Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

12.    Defendant, Calle Betances Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

13.    Defendant, Carolina Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

14.    Defendant, Centro Del Sur Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

15.    Defendant, Cordero Ave. (Caguas) Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

16.    Defendant, Fajardo State Rd. Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

17.    Defendant, KB Toy of Alaska, Inc. is an Alaska corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

18.    Defendant, KB Toy of Arizona, Inc. is an Arizona corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

19.    Defendant, KB Toy of Arkansas, Inc. is an Arkansas corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

20.    Defendant, KB Toy of California, Inc. is a Delaware corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

21.    Defendant, KB Toy of Colorado, Inc. is a Colorado corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

22.    Defendant, KB Toy of Connecticut, Inc. is a Connecticut corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

23.    Defendant, KB Toy of Florida, Inc. is a Florida corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

24.    Defendant, KB Toy of Hawaii, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

25.    Defendant, KB Toy of Idaho, Inc. is an Idaho corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

26.    Defendant, KB Toy of Maryland, Inc. is a Maryland corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

27.    Defendant, KB Toy of Nebraska, Inc. is a Nebraska corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

28.    Defendant, KB Toy of Nevada, Inc. is a Nevada corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

29.    Defendant, KB Toy of North Carolina, Inc. is a Virginia corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

30.    Defendant, KB Toy of Ohio, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

31.    Defendant, KB Toy of South Dakota, Inc. is a South Dakota corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

32.    Defendant, KB Toy of Tennessee, Inc. is a Tennessee corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

33.    Defendant, KB Toy of Texas, Inc. is a Texas corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

34.    Defendant, KB Toy of Utah, Inc. is a Utah corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

35.    Defendant, KB Toy of Virginia, Inc. is a Virginia corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

36.    Defendant, KB Toy of Washington, Inc. is a Washington corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

37.    Defendant, KB Toy of Wisconsin, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

38.    Defendant, KB Toy of Wyoming, Inc. is a Wyoming corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

39.    Defendant, KB Toy Distribution South, Inc. is a Alabama corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

40.    Defendant, Kay-Bee Caguas Centrum, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

41.    Defendant, Kay-Bee Carolina, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

42.    Defendant, Kay-Bee De Diego Street, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

43.    Defendant, Kay-Bee Del Norte, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

44.    Defendant, Kay-Bee Guayama, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

45.    Defendant, Kay-Bee Isabela, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

46.    Defendant, Kay-Bee Juncos Plaza, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

47.    Defendant, Kay-Bee Manati, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

48.    Defendant, Kay-Bee Palma Real, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

49.    Defendant, Kay-Bee Playa Del Sol, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

50.     Defendant, Kay-Bee Plaza Acquarium, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

51.     Defendant, Kay-Bee Plaza Caribe, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

52.     Defendant, Kay-Bee Plaza Del Atlantico, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

53.     Defendant, Kay-Bee Toy & Hobby Shops, Inc. is a Massachusetts corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

54.     Defendant, Kay-Bee Western Plaza, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

55.     Defendant, Kay-Bee Yabucoa, Inc. is an Ohio corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

56.     Defendant, Las Americas Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

57.     Defendant, Main Street (Yauco) Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

58.     Defendant, Mayaguez Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

59.     Defendant, Montehiedra Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

60.     Defendant, Pheasant Kay-Bee Toy, Inc. is a New Hampshire corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

61.     Defendant, Plaza Del Caribe Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

62.     Defendant, Rio Hondo Kay-Bee Toy, Inc. is a New York corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

63.     Defendant, KB Toy of Pennsylvania, Inc. is a Pennsylvania corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

64.     Defendant, KB Toy of Massachusetts, Inc. is a Massachusetts corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

65.     Defendant, KB Toy of New Jersey, Inc. is a New Jersey corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

66.     Defendant, KB Toys Wholesale, Inc. is a Delaware corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

67.     Defendant, Travel, Inc. of Pittsfield is a Massachusetts corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

68.     Defendant, Mall of America Kay-Bee, Inc. is a Minnesota corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

69.     Defendant, Montgomery Toy, LLC is an Alabama limited liability company and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

70.     Defendant, KB Online Holdings, LLC is a Colorado limited liability company and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

71.     Defendant, Brain Play.com, Inc. is a Delaware corporation and is a Debtor in a Chapter 11 bankruptcy case currently pending in this Court.

72.    The entities referred to in paragraphs 3-71 herein will collectively be referred to as "Affiliates."

73.    Jurisdiction of this Court is invoked pursuant to the provisions of Title 28, United States Code, §§§ 1334, 2201 and 2202, and Title 11, United States Code § 541.

74.    Venue is proper in this Court pursuant to the provisions of Title 28, United States Code, § 1409. This is a core proceeding.

75.    This is an action seeking declaratory and injunctive relief relative to certain tax refunds claimed to be owned by Big Lots that have been in, or may come into, the possession, custody and control of KB Acquisition and/or its Affiliates.

## FACTS

76.    By virtue of a Stock Purchase Agreement dated as of December 7, 2000 (the "Agreement"), Big Lots sold, and KB Acquisition purchased, the business popularly known as KB Toys. By virtue of the Agreement KB Acquisition acquired ownership of the Affiliates through which the KB Toys business was conducted.

77.    The form of the purchase was the sale of certain Shares (as defined in the Agreement) owned by Big Lots (then known as Consolidated Stores Corporation) to KB Acquisition upon the terms and conditions further described in the written Agreement.

78.    Among the terms and conditions further described in the Agreement were those relating to Tax Matters.

79.    Article VIII of the Agreement (entitled "Tax Matters") contains numerous provisions relating to various tax issues that were implicated by or arose as part of the Agreement, including but not limited to the ownership/entitlement of the parties to the Agreement to certain tax attributes and refunds for both pre-closing and post-closing periods.

- 14 -

80.    More specifically, Section 8.03(d) of the Agreement provided as follows:

(d) Buyer shall promptly pay or shall cause prompt payment to be made to Seller of all refunds or Taxes and interest thereon, as well as all Tax benefits arising from the carryback of income or gains arising in a Post-Closing Tax Period against Tax attributes (except refunds o f T axes o r T ax b enefits (A) r esulting from t he B uyer's making or changing any Tax election in conformity with Section 8.03(c) or (B) reflected on a Return that does not include Seller or any of its Affiliates and which is attributable to carrybacks of losses or credits from a Post-Closing Tax Period to a Pre-Closing Tax Period) received by, or credited to the Tax liability of, Buyer, any Affiliate of Buyer, the Company, or any Subsidiary attributable to (i) Income Taxes paid by Seller (or Income Tax attributes of the Seller Group), the Company or any Subsidiary (or any predecessor or Affiliate of Seller) with respect to any Pre-Closing T ax Period, (ii) M iscellaneous T axes p aid b y S eller, t he Company or any Subsidiary (or any predecessor or Affiliate of Seller) with respect to any Pre-Balance Sheet Tax Period or (iii) penalties or additions to Tax with respect to Miscellaneous Taxes paid by Seller, the Company or any Subsidiary (or any predecessor or Affiliate of Seller) with respect to any Pre-Closing Tax Period. (emphasis added).

A true and accurate copy of the relevant provision of the Agreement is attached hereto as Exhibit A.

81.    Pursuant to the provisions of Section 8.03(d), quoted above, and the additional terms and conditions agreed upon the parties as set forth in the Agreement and its schedules, the refunds of taxes referenced therein ("Refunds of Taxes") were not sold by Big Lots to KB Acquisition and/or its Affiliates. Rather, at all times the Refunds of Taxes remained the property of Big Lots.

82.    KB Acquisition and/or its Affiliates have received and are expected to continue to receive Refunds of Taxes for either the Pre-Closing Tax Period (as defined in the Agreement) or the Pre-Balance Sheet Tax Period (as defined in the Agreement) that belong to Big Lots.

- 15 -

83.    Upon information and belief, KB Acquisition and/or its Affiliates have received, pre-bankruptcy, such Refunds of Taxes belonging to Big Lots and have failed and refused to turn over such Refunds of Taxes to Big Lots.

84.    Based upon information and belief, KB Acquisition and/or its Affiliates may have received and may continue to receive, post-bankruptcy, further Refunds of Taxes belonging to Big Lots.

85.    Despite a demand by Big Lots to turn over to Big Lots all Refunds of Taxes that have been received at any time by KB Acquisition and/or its Affiliates, KB Acquisition and/or its Affiliates have refused to acknowledge the obligation to recognize the ownership/entitlement of Big Lots to the Refunds of Taxes and have, instead, asserted and unilaterally exercised rights to possession and use of such Refunds of Taxes contrary to the express agreement of the parties and contrary to the true ownership/entitlement of such Refunds of Taxes.

86.    Unless and until this Court declares and orders otherwise, KB Acquisition and/or its Affiliates will unlawfully continue to assert rights in the Refunds of Taxes they do not have, to the direct, immediate, and perhaps irreparable damage of Big Lots.

## FIRST CAUSE OF ACTION (DECLARATION)

87.    Big Lots realleges paragraphs 1-86 of this Complaint as if fully rewritten herein.

88.    Pursuant to the provisions of Title 11, United States Code § 541 and Title 28, United States Code, §§ 2201 and 2202, Big Lots is entitled to a declaration by this Court that the Refunds of Taxes are owned by, and are entitled to be turned over to, Big Lots, and that KB Acquisition and/or its Affiliates have no ownership interest in, or entitlement to, the Refunds of Taxes.

- 16 -

## SECOND CAUSE OF ACTION (ACCOUNTING AND MONEY JUDGMENT)

89.    Big Lots realleges paragraphs 1-88 of this Complaint as if fully rewritten herein

90.    Pursuant to the provisions of Title 28, United States Code, §§ 2201 and 2202, to the extent that KB Acquisition and/or its Affiliates have heretofore obtained possession of, or asserted ownership to, or exercised any rights to any Refunds of Taxes, Big Lots requests this Court to issue such orders as may be necessary to require KB Acquisition and/or its Affiliates to account for all such Refunds of Taxes, and immediately pay over to Big Lots the principal amount of such Refunds of Taxes, plus interest, plus costs and expenses, including attorney fees, as may fully compensate Big Lots for the prior unlawful conduct of KB Acquisition and/or its Affiliates in converting property belonging to Big Lots to its own benefit and use.

## THIRD CAUSE OF ACTION (CONVERSION)

91.    Big Lots realleges paragraphs 1-90 of this Complaint as if fully rewritten herein.

92.    The Refunds of Taxes are the sole property of Big Lots.  Big Lots has repeatedly demanded that KB Acquisition and/or its Affiliates pay the Refunds of Taxes to Big Lots, however, KB Acquisition and/or its Affiliates have refused.

93.    The post-petition actions of KB Acquisition and/or its Affiliates constitute conversion.

94.    The actions of KB Acquisition and/or its Affiliates have been and are willful, intentional and designed to harm Big Lots.

**FOURTH CAUSE OF ACTION (INJUNCTION)**

95.    Big Lots realleges paragraphs 1-94 of this Complaint as if fully rewritten herein.

96.    Pursuant to Title 28, United States Code, §§ 2201 and 2202, Big Lots requests that this Court issue, preliminarily and permanently, both a prohibitive and mandatory injunction against KB Acquisition and/or its affiliates enjoining KB Acquisition and/or its Affiliates from asserting any rights to any Refunds of Taxes and requiring KB Acquisition and/or its Affiliates to turn over to Big Lots, immediately upon receipt, any and all Refunds of Taxes it may receive at any time.

WHEREFORE, Big Lots prays that this Court:

1.    Declare that the Refunds of Taxes are not property of the estate and are property of Big Lots;

2.    Order KB Acquisition and/or its Affiliates to pay to Big Lots within five (5) days of entry of judgment all Refunds of Taxes received prior to such date of entry;

3.    Order KB Acquisition and/or its Affiliates to pay to Big Lots all Refunds of Taxes received after the date of entry of judgment;

4.    Preliminarily enjoin KB Acquisition and/or its Affiliates from spending or in any way using any of the Refunds of Taxes until further order of this Court;

5.    Impose a constructive trust on the assets of KB Acquisition and/or its Affiliates in an amount equal to, but not in excess of, the Refunds of Taxes to the extent authorized by applicable law;

6.    Award Big Lots pre-judgment and post-judgment interest;

7.    Award Big Lots attorneys' fees and costs incurred in pursuit of this action, to the extent permitted or authorized by contract or applicable law; and

8.    Grant such other and further relief as the Court may deem just and proper.

Dated: April 15, 2004

BLANK ROME LLP

*Michael DeBaecke*

Michael D. DeBaecke (No. 3186)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19899
(302) 425-6412

and

Robert J. Sidman
William D. Kloss, Jr.
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
(614) 464-6422

Attorneys for Big Lots Stores, Inc.

# EXHIBIT "A"

[EXECUTION COPY]

STOCK PURCHASE AGREEMENT

dated as of

December 7, 2000

between

KB ACQUISITION CORP.

("Buyer")

and

CONSOLIDATED STORES CORPORATION

("Seller")

# STOCK PURCHASE AGREEMENT

AGREEMENT dated as of December 7, 2000 between Consolidated Stores Corporation, an Ohio corporation ("Seller"), and KB Acquisition Corp., a Delaware corporation ("Buyer").

## WITNESSETH:

WHEREAS, Seller is the owner of 100 shares of common stock (the "Company Shares") of K.B. Consolidated, Inc., an Ohio corporation (the "Company"), constituting 100% of the issued and outstanding capital stock of the Company;

WHEREAS, Seller, through the Subsidiaries (as defined below) of the Company, conducts the KB Toy business, which includes the marketing, sale and distribution of toy merchandise through mall-based retail stores, strip shopping centers and outlet retail stores, an on-line toy store and distribution centers (collectively, the "KB Toy Business");

WHEREAS, immediately prior to the Closing (as defined below), the Company shall dividend the Company Dividend Note (as defined below) to Seller;

WHEREAS, immediately after the issuance of the Company Dividend Note and immediately prior to the Closing, Seller shall sell the Company Shares to Havens Corners Corporation, a Delaware corporation ("HCC"), in exchange for the HCC Note (as defined below) and 100% of the issued and outstanding capital stock of HCC, consisting of 100 shares of common stock, par value $.001 per share (the "Shares");

WHEREAS, at the Closing, Buyer desires to purchase the Shares from Seller, and Seller desires to sell the Shares to Buyer, upon the terms and subject to the conditions hereinafter set forth; and

WHEREAS, as soon as reasonably practicable on the day following the Closing Date, the Company shall repay in full the Company Dividend Note;

NOW, THEREFORE, for and in consideration of good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, together with the mutual representations, warranties, covenants and agreements herein contained, the parties hereto agree as follows:

# ARTICLE VIII

## TAX MATTERS

8.01. <u>Tax Definitions</u>. The following terms, as used herein, have the following meanings:

"Buyer's Tax Loss" means any payment, or actual liability to make a payment, by Buyer, its Affiliates, or, effective after the Closing, the Company or any Subsidiary, of (i) an Income Tax of the Company or any Subsidiary with respect to any Pre-Closing Tax Period, (ii) a Transfer Tax in excess of the amount allocated to Buyer under Section 8.03(e), (iii) a Miscellaneous Tax of the Company or any Subsidiary with respect to any Pre-Balance Sheet Tax Period, (iv) any penalty or addition to Tax in respect of a Miscellaneous Tax of the Company or any Subsidiary with respect to any Pre-Closing Tax Period, (v) any Tax as a result of Treasury Regulation Section 1.1502-6 or any similar federal, state, local or foreign law, rule or regulation relating to the Seller Group and (vi) any Tax imposed on Buyer, the Company or any Subsidiary payable as a result of a breach of any representation or covenant of Seller set forth in Article VIII (<u>provided</u> that no breach of a representation or covenant of Seller set forth in Article VIII shall serve to shift the liability from Buyer to Seller for any Miscellaneous Taxes – other than penalties or additions to Tax in respect of Miscellaneous Taxes – of the Company or any of its Subsidiaries for any Post-Balance Sheet Tax Period, plus, in connection with each of clauses (i) (ii), (iii), (iv), (v) and (vi) above, any Loss incurred by Buyer, any of its Affiliates or, effective after the Closing, the Company or any Subsidiary as a result of any assertion, assessment or imposition by any Taxing Authority of any of the above-described Taxes.

"Code" means the Internal Revenue Code of 1986, as amended.

"Income Tax" means any Tax which is, in whole or in part, based on or measured by income, net worth (other than those reflected in computing the Working Capital Adjustment), intangibles (other than those reflected in computing the Working Capital Adjustment) or gains, including the Michigan Single Business tax.

"Miscellaneous Taxes" means all Taxes other than Income Taxes and Transfer Taxes.

"Post-Balance Sheet Tax Period" means any Tax period ending after the Balance Sheet Date, excluding the portion, if any, of such Tax period up to and including the Balance Sheet Date.

"Post-Closing Tax Period" means any Tax period ending after the Closing Date, excluding the portion, if any, of such Tax period up to and including the Closing Date.

"Pre-Balance Sheet Tax Period" means any Tax period ending on or before the Balance Sheet Date; <u>provided</u> that if a Tax period ending after the Balance Sheet Date contains any days which fall prior to or on the Balance Sheet Date, any portion of such Tax period up to and including the Balance Sheet Date also shall be included in the Pre-Balance Sheet Tax Period.

39

"Pre-Closing Tax Period" means any Tax period ending on or before the Closing Date; provided that if a Tax period ending after the Closing Date contains any days which fall prior to or on the Closing Date, any portion of such Tax period up to and including the Closing Date also shall be included in the Pre-Closing Tax Period.

"Seller Group" means, with respect to federal income taxes, the affiliated group of corporations (as defined in Section 1504(a) of the Code) of which Seller is a member and, with respect to state income or franchise Taxes, an affiliated, consolidated, combined, unitary or similar group of which Seller or any of its Affiliates is a member; provided that neither the Company nor any of its Subsidiaries shall be considered a member of the Seller Group with respect to any Post-Closing Tax Period.

"Tax" means any net income, alternative or add-on minimum tax, gross income, gross receipts, sales, use, ad valorem, value added, franchise, profits, license, withholding on amounts paid to or by the Company or any Subsidiary, payroll, employment, excise, severance, stamp, occupation, premium, property, environmental or windfall profit tax, custom, duty or other tax, governmental fee or other like assessment or charge of any kind whatsoever, together with any interest or any penalty, addition to tax or additional amount imposed by any governmental authority (a "Taxing Authority") responsible for the imposition of any such tax (domestic or foreign).

"Transfer Tax" means any transfer, documentary, sales, use, stamp, registration and other such Taxes and fees (including any penalties and interest) incurred in connection with the transactions contemplated by this Agreement.

8.02.  Tax Representations.  Seller represents and warrants to Buyer as of the date hereof and as of the Closing Date that, except as set forth on Schedule 8.02, to Seller's knowledge: (i) all material Tax returns, statements, reports and forms (including estimated tax returns and reports) required to be filed with any Taxing Authority on or before the Closing Date by or on behalf of the Company or any Subsidiary (collectively, the "Returns"), have been or will be filed when due (taking into account extensions) in accordance with all applicable laws; (ii) no position is reflected in a Return referred to in clause (i) for which the applicable limitation period has not expired (and for which a closing agreement has not been entered into) which (A) was not, at the time such Return was filed, supported by substantial authority (as determined for purposes of Section 6662 of the Code, or any predecessor provision, and any comparable provisions of applicable foreign, state or local tax statutes, rules or regulations) and (B) would have a Material Adverse Effect if decided against the taxpayer; (iii) the Company and the Subsidiaries have paid or made, or will on or before the Closing Date pay or make, provision for all material Taxes payable by the Company and the Subsidiaries for any Pre-Closing Tax Periods for which no Return has yet been filed; (iv) there is no action, suit, proceeding, investigation, audit or claim now proposed in writing or pending against or with respect to the Company or any Subsidiary in respect of any material Tax; (v) the Company and each Subsidiary is a member of the Seller Group, and the Seller Group files a consolidated federal Income Tax Return; (vi) Seller has made available to Buyer correct and complete copies of all information requested by Buyer's

40

representatives with respect to the portions of federal, state and local Income Tax Returns which pertain to the Company and the Subsidiaries; (vii) <u>Schedule 8.02</u> lists any statute of limitations in respect of Taxes that the Company or any Subsidiary has waived or any extension of time agreed to by the Company or any Subsidiary, with respect to a Tax audit, examination, assessment or deficiency, in each case, which shall not have expired on or prior to the Closing Date; (viii) except as otherwise disclosed pursuant to Section 3.19 or Section 3.20, neither the Company nor any Subsidiary has made any payments, is obligated to make any payments, or is a party to any agreement that under certain circumstances could obligate it to make any payments, that will not be deductible under Section 280G or 162(m) of the Code; and (ix) no Taxing jurisdiction has since June, 1996 claimed in writing that Returns that the Company and the Subsidiaries are not (in fact) filing should be filed, or that Taxes of a type not (in fact) being paid to such jurisdiction should be paid.

   8.03. <u>Tax Covenants</u>. (a) Notwithstanding any other provision of this Agreement, Seller and Buyer shall make a timely, effective and irrevocable election with respect to the acquisition of the Company by HCC, and, at the request of Seller, also with respect to the acquisition of HCC by Buyer, under Section 338(h)(10) of the Code and, solely at the request of Seller, under any comparable statutes in any other jurisdiction (including Puerto Rico or any other jurisdiction outside of the United States) with respect to the Company and, solely at the request of Seller, any or all of its Subsidiaries (the "Section 338(h)(10) Election"), and to file such election in accordance with applicable regulations. Seller and Buyer acknowledge and agree that the transactions contemplated by this Agreement will permit the Section 338(h)(10) Election. Neither Seller nor Buyer shall take any action (or omit to take any action) that would jeopardize the effectiveness of the Section 338(h)(10) Election. Without limiting the generality of the foregoing, Buyer represents that it has no plan or intention to merge or liquidate Buyer or HCC. Buyer also covenants that it will not merge or liquidate Buyer or HCC for at least two years, other than in connection with a sale or other disposition of an interest in the KB Toy Business to a third party, without Seller's prior written consent. Buyer represents that it has no plan or intention to merge or liquidate Buyer or HCC in connection with a sale or other disposition of an interest in the KB Toy Business during such two-year period or otherwise. Seller and Buyer agree to cooperate (and cause their respective Affiliates to cooperate) in all respects for the purpose of effectuating a timely and effective Section 338(h)(10) Election, including, without limitation, the execution and filing of any forms or returns. The Section 338(h)(10) Election shall properly reflect the Price Allocation (as hereinafter defined). Within 120 days after the Closing Date, Seller shall deliver to Buyer a statement (the "Allocation Statement") allocating the ADSP (as such term is defined in Temporary Treasury Regulations Sections 1.338-4T and 1.338(h)(10)-1T) among the assets of the Company and its Subsidiaries in accordance with the Treasury regulations promulgated under Section 338(h)(10). Buyer shall have the right to review the Allocation Statement. If within 30 days after receipt of the Allocation Statement Buyer notifies Seller in writing that the allocation of one or more items reflected in the Allocation Statement is not a reasonable allocation, Buyer and Seller will negotiate in good faith to resolve such dispute. If Buyer and Seller fail to resolve such dispute within 30 days, such dispute shall be resolved by the Accounting Referee in accordance with Section 13.07. If Buyer does not respond within the 30-day period, or upon resolution of the disputed items, the allocation reflected in the Allocation Statement (as such may have been adjusted) shall be the "Price Allocation," which shall be

binding upon the parties hereto. Seller and Buyer agree to act in accordance with the Price Allocation in the preparation and filing of any Tax return.

(b) Buyer covenants that it will not cause or permit the Company, any Subsidiary or any Affiliate of Buyer (i) to take any action on or after the Closing Date, including but not limited to the distribution of any dividend or the effectuation of any redemption (A) other than as contemplated by this Agreement or any other agreement or document entered into in connection with the transactions contemplated by this Agreement, (B) other than in the ordinary course of business or (C) other than as required by law, which could give rise to any Tax liability of the Seller Group, the use of any Tax attribute of the Seller Group or any Loss of the Seller Group (other than a liability, attribute or Loss in respect of Miscellaneous Taxes — excluding penalties and additions to Tax in respect of Miscellaneous Taxes — with respect to any Post-Balance Sheet Tax Period) under this Agreement or (ii) except as provided in Section 8.03(c), to make or change any Tax election (other than the making of the Section 338(h)(10) Election), amend any Return or take any position on any Return, that results in any increased Tax liability for Seller, including Tax increases resulting from the reduction of any Tax attribute. Buyer agrees that Seller is to have no liability for any Tax resulting from any action, prohibited by the preceding sentence, of the Company, Buyer or any Affiliate of Buyer, and agrees to indemnify and hold harmless Seller and its Affiliates against any such Tax and any Loss incurred by Seller or any of its Affiliates as a result of any assertion, assessment or imposition by any Taxing Authority of any of the above-described Taxes (any such Loss herein referred to as a "Seller's Expense"). Seller covenants that it will not cause or permit any member of the Seller Group (i) to take any action on or after the Closing Date (A) other than as contemplated by this Agreement or any other agreement or document entered into in connection with the transactions contemplated by this Agreement, (B) other than in the ordinary course of business or (C) other than as required by law, which could give rise to any Tax liability of the Buyer, the Company or any Subsidiary, the use of any Tax attribute of the Buyer, the Company or any Subsidiary, or any Loss of the Buyer, the Company or any Subsidiary under this Agreement, or (ii) to make or change any Tax election (other than the making of the Section 338(h)(10) Election), amend any Return or take any position on any Return, that results in any increased Tax liability for Buyer or any Affiliate of Buyer, including Tax increases resulting from the reduction of any Tax attribute. Seller agrees that Buyer is to have no liability for any Tax resulting from any action, prohibited by the preceding sentence, of the Seller Group and agrees to indemnify and hold harmless Buyer, the Company and any Subsidiary against any such Tax and any Loss incurred by Buyer, the Company or any Subsidiary as a result of any assertion, assessment or imposition by any Taxing Authority of any of the above-described Taxes.

(c) With respect to Income Tax Returns for a Tax period of the Company or any Subsidiary that ends after the Closing Date, Buyer may cause or permit the Company or any Subsidiary to make or change any Tax election or accounting method. If it is "more likely than not" (within the meaning of Treasury Regulation Section 1.6662-4(d)(2)) that the Tax election or accounting method used by the Company or any Subsidiary prior to the Closing was a proper election or method, Buyer shall indemnify and hold Seller and its Affiliates harmless against any Tax resulting from such action. If the Tax election or accounting method used by the Company or any Subsidiary prior to the Closing does not meet the "more likely than not" standard referred

42

to in the preceding sentence, but was supported by "substantial authority" (within the meaning of Treasury Regulation Section 1.6662-4(d)(3)), then Buyer shall indemnify and hold harmless Seller and its Affiliates against 50 percent of any Tax resulting from such action. At the time such Return is delivered to Seller pursuant to Section 8.03(h), Buyer shall notify Seller in writing (i) if any Tax election or accounting method in effect for the Company or any Subsidiary has been changed, (ii) if in Buyer's view such prior election or method did not meet the "more likely than not" standard or lacked "substantial authority" and (iii) the cost to Seller of the change of such election or method. If Seller disagrees with any position taken by Buyer in such written notice, the parties shall proceed in good faith to resolve the matter and, if they are unable to do so within 10 business days, such dispute shall be resolved by the Accounting Referee in accordance with Section 13.07.

(d) Buyer shall promptly pay or shall cause prompt payment to be made to Seller of all refunds of Taxes and interest thereon, as well as all Tax benefits arising from the carryback of income or gains arising in a Post-Closing Tax Period against Tax attributes (except refunds of Taxes or Tax benefits (A) resulting from the Buyer's making or changing any Tax election in conformity with Section 8.03(c) or (B) reflected on a Return that does not include Seller or any of its Affiliates and which is attributable to carrybacks of losses or credits from a Post-Closing Tax Period to a Pre-Closing Tax Period) received by, or credited to the Tax liability of, Buyer, any Affiliate of Buyer, the Company, or any Subsidiary attributable to (i) Income Taxes paid by Seller (or Income Tax attributes of the Seller Group), the Company or any Subsidiary (or any predecessor or Affiliate of Seller) with respect to any Pre-Closing Tax Period, (ii) Miscellaneous Taxes paid by Seller, the Company or any Subsidiary (or any predecessor or Affiliate of Seller) with respect to any Pre-Balance Sheet Tax Period or (iii) penalties or additions to Tax with respect to Miscellaneous Taxes paid by Seller, the Company or any Subsidiary (or any predecessor or Affiliate of Seller) with respect to any Pre-Closing Tax Period.

(e) All Transfer Taxes shall be borne by Buyer, except that the aggregate liability for any New York State Real Estate Transfer Tax or New York City Real Property Transfer Tax shall be shared equally by Buyer and Seller and the aggregate liability, if any, for the transfer of both the Montgomery, Alabama distribution center and the Montgomery Toy LLC membership interests shall be borne by Seller. The party that is required by applicable law to make the filings, reports, returns or payments with respect to any Transfer Tax shall do so, and the other party shall cooperate with respect thereto as necessary. Within a reasonable period prior to the date on which a Transfer Tax that the parties share equally is required to be paid, the parties shall agree on the amount of such Transfer Tax and the basis on which the amount of such Transfer Tax is to be computed and the party that is not making the payment to the Taxing Authority shall compensate the paying party in accordance with this Section 8.03(e) prior to the date on which such Transfer Tax is required to be paid.

(f) Seller shall include the income of the Company and the Subsidiaries in Seller's federal consolidated Income Tax Return, and shall file all state, foreign and local Income Tax Returns of the Company and the Subsidiaries, for all Tax periods ending on or before the Closing Date and shall be responsible for remitting all Taxes reflected on such Income Tax Returns.

43

## VERIFICATION

I, L. Michael Watts, am the Vice President-Tax of Big Lots Stores, Inc. and certify that the allegations contained in the foregoing First Amended Verified Complaint are true and correct to the best of my knowledge, information and belief.

_L. Michael Watts_
L. Michael Watts

Subscribed and sworn to before me this _15th_ day of April, 2004.

_Debbie S. Froneis_
Notary Public

My Commission Expires
on:_____

-20-

## CERTIFICATE OF SERVICE

I, Michael D. DeBaecke do hereby certify that I am over 18 years of age and on

the 15th day of April, 2004, I caused service of the attached First Amended Verified Complaint

for Declaratory, Equitable, Monetary and Injunctive Relief to be made on the parties listed below

in the manner indicated:

**VIA FACSIMILE & U.S. MAIL**
Joel A. Waite, Esquire
M. Blake Cleary, Esquire
Young Conway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899

**VIA FACSIMILE & U.S. MAIL**
Mark N. Polebaum, Esquire
Mitchel Appelbaum, Esquire
Dennis L. Jenkins, Esquire
Hale and Dorr LLP
60 State Street
Boston, MA 02109


*michael DeBaecke*
Michael D. DeBaecke