# EXHIBIT D

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:*<br><br>KB TOYS, INC., *et al.*,<br><br>　　　　　　　　　　Debtors.<br><br>BIG LOTS STORES, INC.,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>KB ACQUISITION CORPORATION, *et al.*,<br><br>　　　　　　　　　　Defendants. | Chapter 11<br><br>Case No. 04-10120 (JBR)<br>(Jointly Administered)<br><br><br><br>Adversary Proceeding No. 04-53134 (JBR) |

## **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

　　　　　　　　　　　　　　　　　YOUNG CONAWAY STARGATT & TAYLOR, LLP
　　　　　　　　　　　　　　　　　Joel A. Waite (No. 2925)
　　　　　　　　　　　　　　　　　M. Blake Cleary (No. 3614)
　　　　　　　　　　　　　　　　　Matthew B. Lunn (No. 4119)
　　　　　　　　　　　　　　　　　The Brandywine Building
　　　　　　　　　　　　　　　　　1000 West Street, 17th Floor
　　　　　　　　　　　　　　　　　P.O. Box 391
　　　　　　　　　　　　　　　　　Wilmington, DE 19899-0391
　　　　　　　　　　　　　　　　　Tel: (302) 571-6600
　　　　　　　　　　　　　　　　　Fax: (302) 571-1253

　　　　　　　　　　　　　　　　　– and –

　　　　　　　　　　　　　　　　　HALE AND DORR LLP
　　　　　　　　　　　　　　　　　Mark N. Polebaum (BBO #402060)
　　　　　　　　　　　　　　　　　Mitchel Appelbaum (BBO #558579)
　　　　　　　　　　　　　　　　　Dennis L. Jenkins (BBO #637065)
　　　　　　　　　　　　　　　　　60 State Street
　　　　　　　　　　　　　　　　　Boston, MA 02109
　　　　　　　　　　　　　　　　　Tel: (617) 526-6000
　　　　　　　　　　　　　　　　　Fax: (617) 526-5000

　　　　　　　　　　　　　　　　　Counsel for Debtors and Debtors In Possession

WP3:996160 1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　62865 1001

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 1

II.  SUMMARY OF ARGUMENT ............................................................................. 1

III. STATEMENT OF FACTS ..................................................................................... 2

IV.  ARGUMENT .......................................................................................................... 3

   A. The First and Second Causes of Action for Declaration, Accounting and Money Judgment Must Be Dismissed Because Big Lots Fails to Allege Facts Sufficient to State a Claim of Ownership of the Qualified Tax Refunds .................................................................................. 4

   B. Big Lots' Third Cause of Action for Conversion Must Also Be Dismissed for Failure to Allege Facts Sufficient to Establish a Claim for Ownership of the Qualified Tax Refunds ............................................ 5

   C. The Fourth Cause of Action Must Be Dismissed for Failure to Satisfy Any of the Criteria for Granting Injunctive Relief .................... 5

   D. The Contractual Statute of Limitations Requires Dismissal ................ 5

V.   SUMMARY OF ARGUMENT ............................................................................. 6

# TABLE OF AUTHORITIES

*Doug Grant, Inc. v. Greater Bay Casino Corp.*,
    232 F.3d 173, 184 (3d Cir. 2000) ................................................................. 3

*In re Crown-Simplimatic Inc.*,
    299 B.R. 319, 326 (Bankr. D. Del. 2003) ..................................................... 4

*In re Rockefeller Center Props., Inc. Secs. Litig.*,
    311 F.3d 198, 216 (3d Cir. 2002) ................................................................. 3

*Lum v. Bank of Am.*,
    361 F.3d 217, 223 (3d Cir. 2004) ................................................................. 3

I.  **INTRODUCTION**

This is an action by the former owner of KB Toys (US), Inc. ("KB US"), Big Lots Stores, Inc. ("Big Lots"), to convert an unmistakable, prepetition unsecured claim against KB Acquisition Corp. ("KBAC") and certain of its affiliates into an ownership interest in the assets of indirect subsidiaries of KBAC or a security interest in or constructive trust on the assets of indirect subsidiaries of KBAC. The claims of Big Lots are entirely unfounded in fact and law and Big Lots' amended complaint fails to allege facts sufficient to establish its claim of ownership over certain tax refunds that have been in, or may come into, the possession, custody and control of KBAC or its affiliates.

On January 14, 2004 (the "Petition Date"), KBAC and certain of its affiliates (collectively, the "Debtors") filed petitions for relief under Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). On March 26, 2004, Big Lots commenced this adversary proceeding and on March 31, 2004, Big Lots filed a motion for preliminary injunction seeking to enjoin KBAC from spending, using or otherwise disposing of tax refunds purportedly in its possession or that might in the future come into its possession. On April 15, 2004, Big Lots filed an amended complaint adding all of the Debtors as defendants in this adversary proceeding. Only Big Lots and KBAC, however, are parties to the contract at issue in this case. KBAC's affiliates are not parties to the contract and owe no obligation to Big Lots under the terms of the contract. The amended complaint provides no clue as to the theory on which Big Lots has claims against KBAC's affiliates.

II. **SUMMARY OF ARGUMENT**

Even accepting the allegations of fact in the amended complaint as true and drawing every reasonable inference in favor of Big Lots, Big Lots has failed to adequately plead any

ownership claim in the Qualified Tax Refunds (as defined below). KBAC and Big Lots are party to a prepetition stock purchase agreement that obligates KBAC to "promptly pay or . . . cause prompt payment to be made to [Big Lots] . . . ." Feldman Aff. Ex. A, § 8.03(d).[1] There are no other words in the stock purchase agreement on which Big Lots relies for its claim to ownership of tax refunds. A prepetition promise to pay is a prepetition unsecured obligation that cannot be twisted or manipulated into a transfer of ownership of an asset as Big Lots contends. Moreover, KBAC's affiliates are not parties to the stock purchase agreement and owe no obligations to Big Lots under the terms of the stock purchase agreement. As described in more detail below, Big Lots has failed to state a claim upon which relief can be granted and, therefore, this adversary proceeding should be dismissed.

### III. STATEMENT OF FACTS

KBAC was organized under the laws of the state of Delaware on November 28, 2000 in order to acquire the shares of KB US on December 7, 2000 from Big Lots pursuant to a Stock Purchase Agreement between KBAC and Big Lots (the "Agreement"). KBAC and Big Lots are the only parties to the Agreement. None of KBAC's affiliates are party to the Agreement. Feldman Aff. ¶ 2 (a copy of the Agreement is attached as Exhibit A to the Feldman Affidavit). As of the Petition Date, KBAC's only assets were an account receivable due and owing from Big Lots and 100% of the issued and outstanding capital stock of Havens Corners Corporation.

Section 8.03(d) of the Agreement provides that KBAC "shall promptly pay or shall cause prompt payment to be made to [Big Lots] of all refunds of Taxes and interest thereon, as well as all Tax benefits arising from" certain refunds of taxes received by KBAC or any of its affiliates on account of income taxes paid by Big Lots for any tax period ending or before December 7,

---

[1] The defendants refer to the Affidavit of Mr. Robert J. Feldman filed with this Court on April 21, 2004 in support of the Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction (Docket No. 23)

WP3:996160 1

62865.1001

2000 (the "Qualified Tax Refunds"). Feldman Aff. at Ex. A, § 8.03(d). The unequivocal, plain meaning of the language of Section 8.03(d) is that KBAC has a payment obligation to Big Lots that is measured by the amount of Qualified Tax Refunds that are received by either KBAC or its affiliates. Nowhere in the Agreement does it say that KBAC or its affiliates transfer ownership in the Qualified Tax Refunds to Big Lots or grant Big Lots a security interest in the Qualified Tax Refunds. Id.

Pursuant to Section 11.01 of the Agreement, certain covenants, agreements, representations and warranties made by each of the parties in the Agreement, including the provisions concerning the Qualified Tax Refunds, expired as of June 2002. Feldman Aff. at Ex. A, § 11.01. Thus, Big Lots' claim is time barred under the express terms of the Agreement.

## IV. ARGUMENT

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). In deciding a Rule 12(b)(6) motion, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences from those facts in the light most favorable to the non-moving party. Id. However, the court need not accept as true bald assertions, unsupported conclusions or unwarranted inferences asserted in the complaint. In re Rockefeller Center Props., Inc. Secs. Litig., 311 F.3d 198, 216 (3d Cir. 2002); Doug Grant, Inc. v. Greater Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000).

A.  **The First and Second Causes of Action for Declaration, Accounting and Money Judgment Must Be Dismissed Because Big Lots Fails to Allege Facts Sufficient to State a Claim of Ownership of the Qualified Tax Refunds**

Big Lots' amended complaint fails to allege facts sufficient to establish its claim of ownership in the Qualified Tax Refunds and, therefore, no declaration of ownership or order compelling KBAC or its affiliates to account for and pay over the Qualified Tax Refunds can be granted. As evidence of its ownership interest in the Qualified Tax Refunds, Big Lots relies solely on Section 8.03(d) of the Agreement. Under the express terms of Section 8.03(d), KBAC's obligation is a simple promise to pay. There is not a word in Section 8.03(d) or the entire Agreement that supports Big Lots' claim that it owns or has a security interest in the Qualified Tax Refunds. Moreover, under Section 8.03(d), KBAC, not any of its affiliates, merely agreed to pay to Big Lots an amount equal to the amount of Qualified Tax Refunds. Big Lots' sole claim, therefore, is against KBAC, which arises out of a prepetition contract and is no more than a general unsecured claim in these chapter 11 cases.

KBAC is not the taxpayer that filed any of the tax returns that have given rise to the Qualified Tax Refunds or for which Qualified Tax Refund claims are pending. KBAC, as the only party to the Agreement, could not possibly have transferred ownership rights to receive payments that it did not own, nor granted a security interest in assets that it did not own. At most, Big Lots is an unsecured creditor of KBAC. Like any similarly situated creditor, Big Lots' remedy for KBAC's alleged failure to pay under the terms of the Agreement is not a declaration of ownership or order compelling KBAC or its affiliates to account for and pay over the Qualified Tax Refunds, but rather the right to assert a general unsecured claim against KBAC's bankruptcy estate. Counts I and II of the amended complaint must therefore be dismissed.

**B.   Big Lots' Third Cause of Action for Conversion Must Also Be Dismissed for Failure to Allege Facts Sufficient to Establish a Claim for Ownership of the Qualified Tax Refunds**

To establish a claim for conversion, Big Lots must prove that KBAC or its affiliates have exercised dominion or control over Big Lots' property. See In re Crown-Simplimatic Inc., 299 B.R. 319, 326 (Bankr. D. Del. 2003). As described above, Big Lots' amended complaint fails to allege facts sufficient to establish a claim of ownership in the Qualified Tax Refunds. Because Big Lots cannot possibly establish title to the Qualified Tax Refunds, KBAC cannot be liable for exercising dominion and control over its own property. Count III of the amended complaint must therefore be dismissed.

**C.   The Fourth Cause of Action Must Be Dismissed for Failure to Satisfy Any of the Criteria for Granting Injunctive Relief**

As previously presented to this Court in the Defendants' Answering Brief in Opposition to Plaintiff's Motion for Preliminary Injunction (Docket No. 22), Big Lots also fails to satisfy any of the criteria for granting injunctive relief. As described above, Big Lots has failed to allege facts sufficient to establish its claim of ownership of the Qualified Tax Refunds so it is not entitled to injunctive relief. Count IV of the amended complaint must therefore be dismissed.

**D.   The Contractual Statute of Limitations Requires Dismissal**

Big Lots' claims should also be dismissed because they are time-barred under the express terms of the Agreement. Section 11.01 of the Agreement provides that any claim for breach of a covenant expires after June 2002. Big Lots has given the defendants no notice of its claims under the Agreement prior to June 2002. Since the contractual statute of limitations has expired, this Court must dismiss Big Lots' claims as time-barred.

## V. SUMMARY OF ARGUMENT

For the foregoing reasons, the defendants request that this Court dismiss the amended complaint in its entirety. Even accepting the allegations of fact in the amended complaint as true and drawing every reasonable inference in favor of Big Lots, Big Lots has failed to state a claim upon which relief can be granted. Big Lots' claims are entirely unfounded in fact and law and therefore this adversary proceeding should be dismissed.

*[Remainder of page intentionally left blank.]*

Date:   April 26, 2004

          YOUNG CONAWAY STARGATT & TAYLOR, LLP

          _____
          Joel A. Waite (No. 2925)
          M. Blake Cleary (No. 3614)
          Matthew B. Lunn (No. 4119)
          The Brandywine Building
          1000 West Street, 17th Floor
          P.O. Box 391
          Wilmington, Delaware 19899-0391
          Tel: (302) 571-6600
          Fax: (302) 571-1253

          - and –

          HALE AND DORR LLP
          Mark N. Polebaum (BBO #402060)
          Mitchel Appelbaum (BBO #558579)
          Dennis L. Jenkins (BBO #637065)
          60 State Street
          Boston, MA 02109
          Tel: (617) 526-6000
          Fax: (617) 526-5000

          Counsel for the Debtors and Debtors In Possession