**EXHIBIT K**

NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| KB TOYS, INC., *et al.*, | ) | |
| | ) | Case No. 04-10120 (JBR) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| BIG LOTS STORES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 04-53134 (JBR) |
| | ) | |
| KB ACQUISITION CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter came before the Court for hearing on KB Acquisition Corporation and certain of its affiliates' (collectively "KBAC") Motion to Dismiss Big Lots Stores, Inc.'s ("Big Lots") Adversary Proceeding (Docket No. 24) on multiple grounds including that "Big Lots' amended complaint fails to allege facts sufficient to establish its claim of ownership over certain tax refunds[1] that have been in, or may come into, the possession, custody and control of KBAC or its affiliates."

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "[a] court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir.

---

[1] Also referred to by the parties as "Qualified Tax Refund" or "Tax attributes."

2004). When deciding such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. Id. The court does not have to accept as true bold assertions, unsupported conclusion or unreasonable inferences asserted. In re Rockefeller Center Props., Inc. Secs. Litig., 311 F.3d 198, 216 (3d Cir. 2000).

KB Acquisition Corporation entered into a stock purchase agreement with Big Lots to purchase all shares of KB Toys (US), Inc. ("KB US"). According to the purchase and sale provision of the agreement, section 2.01, KBAC agreed to buy the "Shares" from Big Lots. The parties acknowledge that, but for the purchase of shares pursuant to the stock purchase agreement, the tax refunds would have been assets of KB US or its affiliates.[2] The parties also acknowledge that the language of the stock purchase agreement does not specially provide that tax refunds were transferred to Big Lots, nor does it specifically provide that they were or were not sold.

Big Lots asserts that section 8.03(b) of the stock purchase agreement, whereby the "[b]uyer covenants that it will not cause or permit the Company . . . (i) to take any action on or after the Closing date . . . which could give rise to any Tax liability of the Seller Group, the use of any Tax attribute of the Seller Group or any Loss of the Seller Group," establishes that the Tax attributes belonged to and remained the property of Big Lots. Big Lots further asserts that section 8.03(d) is evidence that it owns the tax refunds because the provision provides that KBAC is required to pay to Big Lots Refunds of Taxes received for the Income taxes paid during the pre-closing period, and miscellaneous taxes paid for the pre-balance sheet tax period. Big

---

[2] KB US's affiliates do not include Big Lots.

2

Lots also relies on section 8.03(k) as evidence that the tax refunds are not assets of KBAC because Big Lots claims that the financial statements that KBAC was required to prepare for the closing day would have included the tax refunds if they were assets of KBAC. In addition, Big Lots argues that the financial statements are admissible evidence because the documents are not antecedent to the stock purchase agreement and fall within the language of section 13.10, as documents delivered in connection with the agreement.

In opposition, KBAC asserts that section 8.03(b) of the stock purchase agreement is merely a reciprocal covenant that neither party would permit action creating tax liabilities for the other party. Next, KBAC asserts that, pursuant to section 8.03(d), it merely promised to pay, or would cause to be paid, tax refunds, which is at most a pre-petition unsecured promise to pay. Relying on section 5.11 of the agreement which specially excluded certain assets from the sale, KBAC argues that if the tax refunds were not part of the sale, the agreement would have specifically excluded the tax refunds from the sale. Moreover, KBAC urges that it is a general principle of corporate law that all assets and liabilities, unless specifically excluded, are transferred in a stock sale. Lastly, KBAC asserts that the stock purchase agreement is a completely integrated contract, which cannot be contradicted by extrinsic documents, thus, the parol evidence rule excludes the financial statements and balance sheets as admissible evidence. However, KBAC urges, even if those documents were admissible, it is not reasonable to infer that the stock purchase agreement provided for the transfer of the tax refunds to Big Lots.

Accepting for the purposes of this motion that the financial statements are admissible evidence, Big Lots urges the Court to make three further inferences: (1) That the tax refunds were not sold to KBAC pursuant to the language of the stock purchase agreement; (2) that the tax

3

refunds remained the property of Big Lots or were transferred to Big Lots; and (3) the tax refunds were not sold because they were not included on the financial statements. (See ¶ 81 of the Amended Complaint). The Court agrees with KBAC that it is a general principal of corporate law that all assets and liabilities are transferred with the stock sale. There are no facts or reasonable inferences to support a finding that Big Lots' allegation of an ownership interest in the tax refunds is correct, however, the facts support exactly the opposite. The language of section 8.03 supports a finding that KBAC promised to pay to Big Lots when the tax refunds were received, it does not support a finding that KBAC promised to pay because Big Lots was an owner of them. It is an unreasonable inference that since the tax refunds were not included on the balances sheets they were not part of the stock sale to KBAC, particularly considering that the parties knew how to exclude assets from the stock sale as evidenced by section 5.11 of the stock purchase agreement regarding the transfer of LLC Interests. Based on the evidence before this Court, making the inferences as suggested by Big Lots is unreasonable.

For the reasons set forth herein, KBAC's Motion to Dismiss Big Lots' Adversary Proceeding is GRANTED. A separate order will issue.

Dated: August 25, 2004

*[signature]*
Joel B. Rosenthal
United States Bankruptcy Judge

4