IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re<br><br>KB TOYS INC., et al.,<br><br>                Debtors.<br><br>BIG LOTS STORES, INC.,<br><br>                Appellant,<br><br>     v.<br><br>KB ACQUISITION CORPORATION, et al.,<br><br>                Appellees. | Case No. 04-BK-10120 (JBR)<br><br>Bk. Adv. Proc. 04-53134 JBR<br><br><br><br><br><br><br>Civil Action No. 04-1310-KAJ |

## MEMORANDUM ORDER

**I.    INTRODUCTION**

Presently before me is the appeal of Big Lots Stores, Inc. ("Big Lots") from a ruling of the Bankruptcy Court (Docket Item ["D.I."] 11, Ex. B) dismissing the adversary complaint filed by Big Lots. Also before me is a Motion to Strike filed by KB Acquisition Corporation ("KBAC") (D.I. 3), which requests that certain documents filed as part of the record on appeal by Big Lots be stricken from the record. Jurisdiction is proper under 28 U.S.C. § 158. For the reasons that follow, the order of the Bankruptcy Court dismissing Big Lots' Complaint will be affirmed, and the Motion to Strike will be denied as moot.

## II. BACKGROUND

The background of this case was set out in the opinion of the Bankruptcy Court dismissing the Complaint, and will be reviewed only briefly here. (D.I. 11, Ex. B.) Big Lots filed an adversary complaint in the bankruptcy of KB Toys, Inc.,[1] alleging that when KBAC purchased the business popularly known as KB Toys from Big Lots, KBAC did not purchase the right to certain tax refunds. (D.I. 11, Ex. D, ¶¶ 76-86.) Specifically, the Complaint alleges that, pursuant to a Stock Purchase Agreement, KBAC purchased shares of KB Toys from Big Lots, but Big Lots retained ownership of certain tax refunds owed to KB Toys. (*Id.* at ¶¶ 76-81.) Big Lots further alleges that KBAC received such tax refunds and failed to turn them over to Big Lots.

The relevant provision of the Stock Purchase Agreement, which the Bankruptcy Court relied on in dismissing the Complaint, reads as follows:

> Buyer [KBAC] shall promptly pay or shall cause prompt payment to be made to Seller [Big Lots] of all refunds of Taxes and interest thereon, as well as all Tax benefits arising from the carryback of income or gains arising in a Post-Closing Tax Period against Tax attributes ... received by, or credited to the Tax liability of, Buyer, any Affiliate of Buyer, the Company, or any Subsidiary... .

(D.I. 11, Ex. D, Stock Purchase Agreement § 8.03(d) (at Ex. A to the Complaint).) Big Lots asserts that this provision shows that it owns the tax refunds in question, while KBAC claims that the provision evidences only a promise by KBAC to pay the refunds to Big Lots.

---

[1] The defendants in the adversary complaint included KB Toys, Inc. and KBAC, as well as all of the affiliates of KB Toys, which are listed on the face of the Complaint. (D.I. 11, Ex. D.)

### III.    STANDARD OF REVIEW

On appeal, a clearly erroneous standard applies to the Bankruptcy Court's findings of fact, and a plenary review standard applies to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). When reviewing mixed questions of law and fact, this court will accept the Bankruptcy Court's findings of "historical or narrative facts unless clearly erroneous, but [will] exercise plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (internal citations omitted).

### IV.    DISCUSSION

#### A.    *Motion to Dismiss*

In ruling on a Motion to Dismiss, a court must "accept as true all material allegations in the complaint, and it must construe the complaint in favor of the plaintiff." *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). The Bankruptcy Court did that, and it properly relied on the relevant provisions of the Stock Purchase Agreement, as that document was attached to and was explicitly relied upon in the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Noting that it is a general principle of corporate law that all assets and liabilities are transferred in the sale of a company effected by a sale of stock, the Bankruptcy Court went on to observe that "[t]he language of section 8.03 supports a finding that

KBAC promised to pay to Big Lots when the tax refunds were received[;] it does not support a finding that KBAC promised to pay because Big Lots was an owner of them." (D.I. 11, Ex. B at 4.) Indeed, the language of section 8.03 is clear and unambiguous on its face. It shows that KBAC promised to pay the refunds to Big Lots. It does not evidence ownership of those refunds, and it would be difficult to see how it could. The tax refunds "belong" to the corporate entity whose stock was transferred. The Government owes those funds to no one else.[2] There is thus no error of fact or law in the Bankruptcy Court's decision, and that decision will be affirmed.

B.   *Motion to Strike*

In designating the record on appeal, Big Lots attempted to include a summary judgment motion and accompanying documents it filed in the Bankruptcy Court. (D.I. 11, Ex. L.) Big Lots filed the summary judgment motion before the Bankruptcy Court on May 20, 2004 (D.I. 11, Ex. J, K), the same day that it filed its answering brief in opposition to KBAC's motion to dismiss (D.I. 11, Ex. I). The parties stipulated that any response by KBAC would be filed twenty-one days after the Motion to Dismiss was denied. (D.I. 11, Ex. M.) Because the Motion to Dismiss was granted, KBAC never responded to the motion, and the Bankruptcy Court never ruled on it. Thus, KBAC has moved to strike this motion and the accompanying documents from the record on appeal.

---

[2] Big Lots recognizes this, as it stated in its brief that it was "impractical if not impossible for Big Lots to cause the taxing authorities to remit [the tax refunds] directly to Big Lots... ." (D.I. 10 at 15.)

4

Because I am affirming the ruling of the Bankruptcy Court and am doing so solely on the basis of the Motion to Dismiss which that Court granted, the Motion to Strike is moot and will be denied as such.

## V.    CONCLUSION

Accordingly, it is hereby ORDERED that the Order of the Bankruptcy Court dismissing Big Lots' Complaint is AFFIRMED, and the Motion to Strike filed by KBAC is DENIED as moot.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

March 23, 2006
Wilmington, Delaware